JODI LESTER, Respondent, v CAROL ZIMMER et al., Appellants.

Third Department, June 22, 1989

---

APPEARANCES OF COUNSEL

*Zimmer, Victor, Schwartz & Bernstein, P. C. (Donald M. Bernstein* of counsel), and *Ricken, Goldman, Sussman & Blythe* for appellants.

*Francello, Van Benschoten & Bing, P. C. (David Van Benschoten* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

This is an action to compel defendants to convey to plaintiff her undivided one-half interest in certain property located in the Town of Woodstock, Ulster County. The factual basis for this claim is as follows. Plaintiff maintains that she and defendant Michael Zimmer cohabited in an apartment in New York City for almost 10 years during which period each contributed time, money and work toward construction of a dwelling on land in Woodstock owned by defendant Carol Zimmer, Michael's mother. Plaintiff contends that Carol promised to give title to the house and six acres of land to her and Michael. In 1983 the couple ended their personal relationship but alternatively utilized the house. They also shared the cost of taxes and maintenance. After Michael married in 1986, plaintiff was ostensibly locked out of the house and told to stay away. She commenced this action against defendants seeking to impose a constructive trust upon the real property and a judgment ordering partition. Defendants moved for summary judgment dismissing the complaint based solely on the ground that plaintiff never transferred any property to defendants and that Carol owned the property at all times. Supreme Court's order denying the motion, without explanation, has given rise to this appeal.

A constructive trust is an equitable remedy available "[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" *(Beatty v Guggenheim Exploration Co.,* 225 NY 380, 386). Generally, the remedy requires four elements: (1) a confidential or fiduciary relationship, (2) a promise, expressed or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment *(Sharp v Kosmalski,* 40 NY2d 119, 121). Notably, "[t]hese elements are not rigid, but are flexible considerations for the court to apply in determining whether to impose a constructive trust" *(Hornett v Leather,* 145 AD2d 814, 815, *lv denied* 74 NY2d 603). Defendants' sole argument is that plaintiff cannot satisfy the third element, as a matter of law, because she did not own or transfer any interest in the disputed property. Plaintiff contends that her contribution of money and work

toward construction of the house satisfies the "transfer in reliance" element. We accept the latter premise.

We recognize that the case law cited by defendants holds that a party may not impress a constructive trust on realty absent the relinquishment of some interest in the parcel in reliance on a promise to convey (see, *Bontecou v Goldman,* 103 AD2d 732, 733; *Scivoletti v Marsala,* 97 AD2d 401, *affd* 61 NY2d 806; *Matter of Wells,* 36 AD2d 471, 474, *affd* 29 NY2d 931). The law of constructive trusts, however, is not confined to reconveyance situations. The third element necessary to impress a constructive trust speaks to a *transfer* in reliance on a promise without qualifying the underscored term. In our view, the transfer concept extends to instances, as here, where funds, time and effort are contributed in reliance on a promise to share in the result (see, e.g., *Spodek v Riskin,* — AD2d — [2d Dept, May 1, 1989]; *Washington v Defense,* — AD2d — [2d Dept, Apr. 24, 1989]). This court has recognized that a constructive trust may be imposed in the marital context where the proponent has extended funds or effort in reliance on a promise (see, *Tidball v Tidball,* 93 AD2d 954, 955; *Motyl v Motyl,* 35 AD2d 1051, 1052; *see also, Tomaino v Tomaino,* 68 AD2d 267, 268; *Janke v Janke,* 47 AD2d 445, *affd* 39 NY2d 786). Although plaintiff and Michael were not married, given the asserted nature of their relationship, a similar analysis may be made here (see, e.g., *Artache v Goldin,* 133 AD2d 596, 600).

Instructive in this regard is the decision in *McGrath v Hilding* (41 NY2d 625), where the plaintiff tendered funds for the improvement of the defendant's property in reliance on his premarital promise that a joint interest in the property would be created. While the Court of Appeals directed a new trial to fully explore the nature of the parties' relationship, implicit in the court's decision is that a premarital transfer of funds for the improvement of realty can form a predicate for the imposition of a constructive trust (see, *supra,* at 632 [Gabrielli, J., dissenting]). Consequently, we cannot agree that the fact that plaintiff never held any previous interest in the disputed parcel is fatal to her claim. Giving her the benefit of every favorable inference, as we must (see, *Blake-Veeder Realty v Crayford,* 110 AD2d 1007, 1008), we find that plaintiff has met her burden of demonstrating a prima facie basis for the imposition of a constructive trust. Her supporting affidavits indicate that she provided financial support for Michael during the period of construction, contributed $1,382 for the

cost of materials and actually participated in building the house over a two-year period. Accordingly, defendants' motion for summary judgment was properly denied.

KANE, J. P., MIKOLL, LEVINE and MERCURE, JJ., concur.

Order affirmed, with costs.