■ THOMAS F. MOLONEY, Appellant, v GEORGE AWAD, SR., Doing Business as G. AWAD MOBILE HOME SALES & SERVICE, et al., Respondents.—Mercure, J. Appeal from that part of an order of the Supreme Court (Rose, J.), entered September 21, 1988 in Tioga County, upon a decision of the court, without a jury, which, *inter alia,* dismissed plaintiff's cause of action seeking specific performance.

This action arises out of plaintiff's 1984 purchase of a Champion mobile home from defendant George Awad, Sr., under the terms of an oral agreement. The mobile home was installed on an improved lot owned by defendant Awad's Holding Company, Inc., and plaintiff took possession of the property in April 1985. The complaint alleges that $30,000, which plaintiff paid Awad in two checks in October 1984, represents the full purchase price of the mobile home and the real property, including installation, site preparation and improvements, and that plaintiff is entitled to a deed to the realty. The answer asserts the Statute of Frauds (General Obligations Law § 5-703) as a defense and interposes counterclaims for the reasonable value of plaintiff's use and occupation of the realty and the balance due on the purchase of the mobile home. Following a nonjury trial, Supreme Court determined that the Statute of Frauds barred plaintiff's action for

specific performance of the purported contract for the sale of the realty, that the reasonable value of the mobile home including sales tax was $21,036 and that, on the counterclaim, plaintiff owed defendants an additional $8,550 for rental of the real property, computed at the rate of $225 per month, for a total of $29,586. Supreme Court granted judgment in plaintiff's favor for the excess payment of $414. Plaintiff appeals only from that portion of the order which denied him specific performance; we affirm.

Initially, we reject the contention that plaintiff's part performance took the oral contract outside of the Statute of Frauds (see, General Obligations Law § 5-703 [4]). In order for part performance to render the contract enforceable, such performance must be "unequivocally referable" to the alleged contract to sell the realty (Jonestown Place Corp. v 153 W. 33rd St. Corp., 53 NY2d 847, 849; see, Burns v McCormick, 233 NY 230, 232; Bee Jay Indus. Corp. v Fina, 98 AD2d 738, 739, affd 62 NY2d 851). Here, plaintiff's checks contained the notations "down payment MH" and "ADDL payment mobile home", persuasive evidence that the payments were referable not to the purchase of the realty but, rather, to the purchase of the mobile home. Nor are we persuaded that the doctrine of equitable estoppel prevents defendants from asserting the Statute of Frauds as a defense. The record discloses no evidence that plaintiff was induced to alter his position to his detriment (see, 57 NY Jur 2d, Estoppel, §§ 54, 61, 62, at 240, 248, 249). Finally, defendants did not waive the defense of Statute of Frauds by admitting the existence of an oral contract since the defense was specifically pleaded in defendants' answer (see, 61 NY Jur 2d, Statute of Frauds, § 319, at 484).

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.