■ NARI HIRA, Appellant, v LALU BAJAJ, Respondent.—Order of the Supreme Court, New York County (David Saxe, J.), entered on April 30, 1991, which, inter alia, granted defendant's motion for summary judgment, in part, to the extent of dismissing the fourth, fifth, sixth, seventh, and ninth causes of action; granted defendant's motion for summary judgment on his counterclaim, and declared that plaintiff and defendant are joint tenants with the right of survivorship with respect to the cooperative apartment at issue; ordered that the property be partitioned; denied defendant's motion for a stay of the second cause of action; and denied plaintiff's motion for summary judgment on the seventh cause of action, unanimously modified, on the law, to the extent of vacating the declaratory relief and the direction to partition the apartment, reinstating the seventh cause of action, and otherwise affirmed, without costs.

This action involves a protracted dispute between two erstwhile friends and business associates over the ownership of a cooperative apartment. The defendant, Lalu Bajaj claims to be a joint tenant with the right of survivorship. The plaintiff, Nari Hira, alleges that he provided the money for the defendant's share of the purchase pursuant to an oral agreement by which defendant allegedly agreed to hold title to the apartment as plaintiff's agent. It is alleged that the purpose of the alleged agreement was to avoid currency requirements under Indian law, that allegedly would have required repatriation of the money and payment of a 70% tax. Plaintiff contends that such agreements were legal at the time of purchase.

The Motion Court granted defendant's motion for summary judgment to the extent of declaring that defendant was a joint tenant with the right of survivorship. The Court held that plaintiff had failed to rebut defendant's prima facie case of joint tenancy and ordered partition. The Motion Court also dismissed the seventh cause of action pursuant to which

plaintiff sought to prove an oral agreement that defendant held title as his agent, and a declaration that he is sole owner.

We agree with the Motion Court's disposition of the third, fourth, fifth, sixth, and ninth causes of action for the reasons stated in its memorandum decision.

We disagree with the declaration that the parties are joint tenants and accordingly modify. Factual questions are presented by this record on the crucial issue of ownership. Accordingly summary judgment dismissing the seventh cause of action and granting the counterclaim was in error.

We disagree with the Motion Court's narrow reading of the requirements for imposition of a constructive trust with respect to the one-half ownership of the apartment in defendant's name. The Court held that the alleged promise by defendant to own as agent was made prior to the acquisition of the property and thus a key element for imposition of a constructive trust was missing. The Motion Court relied on *Matter of Wells* (36 AD2d 471, *affd* 29 NY2d 931), and *Onorato v Lupoli* (135 AD2d 693). More recent case law takes a less restrictive view and includes creation of interests in real property within the purview of a "transfer in reliance" for purposes of a constructive trust *(see, Lester v Zimmer,* 147 AD2d 340; *Washington v Defense,* 149 AD2d 697, *lv denied* 74 NY2d 609; *see also, Gottlieb v Gottlieb,* 166 AD2d 413; *Mendel v Hewitt,* 161 AD2d 849). Therefore, a triable issue of fact is presented on the seventh cause of action. Concur—Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.