■ STATE OF NEW YORK, Appellant-Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent-Appellant. [633 NYS2d 878] —Casey, J. Cross appeals from an order of the Supreme Court (Kahn, J.), entered June 24, 1994 in Albany County, which, *inter alia*, partially granted plaintiff's motion for summary judgment on the issue of liability.

Plaintiff commenced this action to recover on a performance bond issued by defendant to Colebrook Farms, Inc., a company that contracted with plaintiff to produce prepared foods by processing raw food ingredients donated by the Federal government for school lunch programs. It is undisputed that defendant is liable to plaintiff as a matter of law under the performance bond for the value of the actual inventory of donated commodities in the possession of Colebrook during the one-year bonded period. In support of its motion for summary judgment, plaintiff submitted evidentiary proof in admissible form to establish the amount of defendant's liability. Included in plaintiff's submission was Colebrook's certified monthly reports, which showed Colebrook's inventory balances during the bonded period. Based upon defendant's claims that the inventory shown on the reports included "paper carryovers" from periods not covered by the performance bond, Supreme Court concluded that a question of fact existed as to the amount of Colebrook's inventory during the bonded period. We conclude that plaintiff's motion for summary judgment should have been granted in its entirety.

Defendant submitted the affidavit of an accountant it retained for the purposes of this litigation, who reviewed Colebrook's books and records and spoke with Colebrook's representatives. As a result of certain accounting practices engaged in by Colebrook over the years, the accountant was of the opinion that the starting inventory balances shown on Colebrook's report for the first month of the bonded period did not represent actual donated food on hand at the beginning of the period, but represented an accrued liability far greater than the actual donated food in Colebrook's possession. The accountant explained that upon the expiration of each one-year donated food processing agreement between plaintiff and Colebrook, Colebrook did not return the donated food on hand or pay plaintiff the value of the food, but instead carried over the value of the food on its accounts as an inventory liability to plaintiff. The accountant also noted that prior to the bonded period, Colebrook assumed the liabilities of another processor, B & H Food Company, whose inventory liabilities were also carried over into the bonded year on Colebrook's books.

Absent from the record, however, is any evidentiary proof in admissible form to demonstrate that Colebrook did not actually have in its possession the donated foods represented by the inventory liabilities shown in Colebrook's records. For example, the accountant stated that B & H Food Company "did not deliver to Colebrook physical commodities equal to

the liabilities Colebrook was assuming, but, on the contrary, delivered significantly less commodities". The accountant's opinion was based upon his "analysis of Colebrook's records and discussions with Colebrook's representatives and accountants". The relevant records, however, were not submitted by defendant. Nor is there an affidavit of any Colebrook representative or accountant who has firsthand knowledge of the commodities delivered by B & H Food Company. The accountant also calculated an estimated inventory liability for the bonded period based upon the results of an audited physical inventory set forth in work papers prepared by an auditor of Colebrook's books and records. Neither the work papers nor an affidavit of the auditor or any other person with firsthand knowledge of the audited physical inventory were submitted by defendant.

We agree with plaintiff that defendant failed to meet the burden imposed upon the opponent of a summary judgment motion when the party seeking summary judgment meets its burden, as plaintiff did here (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). To the extent that the accountant's affidavit submitted by defendant purports to express an expert opinion, it is insufficient because the opinion was not based upon the accountant's personal knowledge and the evidence from which the accountant derived the factual foundation for his opinion was not made a part of the record (*see, North v Travelers Ins. Co.*, 218 AD2d 901, 902). In any event, the quantity of Colebrook's inventory during the bonded period does not appear to be a matter which requires an expert opinion (*see*, Richardson, Evidence § 366 [Prince 10th ed]). To the extent that the accountant's affidavit purports to set forth facts, it is not based upon the accountant's personal knowledge (*see, Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692). According to the accountant, his knowledge of the facts was derived from records created and maintained by other persons and from discussions with other persons. The absence of the relevant records and affidavits from these persons renders the accountant's affidavit insufficient (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 694; *Republic Natl. Bank v Luis Winston, Inc.*, 107 AD2d 581, 582). Defendant was required to submit evidentiary proof in admissible form or demonstrate a reasonable excuse for the failure to do so (*see, Zuckerman v City of New York, supra,* at 562). Defendant failed to meet its burden and, therefore, plaintiff was entitled to summary judgment.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur.

Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as partially denied plaintiff's motion; motion granted in its entirety; and, as so modified, affirmed.