■ CHRISTINA H. CABALLERO, Appellant, v FIRST ALBANY CORPORATION, Respondent. [654 NYS2d 866] —Spain, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 1, 1996 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was employed as a margin clerk in defendant's office in the City of Albany from September 1991 to June 1992; thereafter, she voluntarily transferred to defendant's office in the City of Buffalo, Erie County, where she became a sales assistant and phone receptionist. In January 1993, plaintiff complained about other employees smoking in the office and filed a written complaint with the branch manager. Plaintiff contends that three other sales assistants and the branch manager, three of whom were smokers, thereafter treated her rudely and negatively in retaliation for her complaint and her attitude concerning smoking in the office; plaintiff also contends that the branch manager intentionally blew smoke in her face on three separate occasions. In May 1993 plaintiff complained to a visiting corporate officer who indicated that the new incoming branch manager would deal with the problem. On June 18, 1993 the new branch manager discharged plaintiff.

Plaintiff commenced this action alleging six causes of action including discrimination based upon her gender, wrongful discharge in breach of her employment contract, intentional infliction of emotional distress, assault and battery based upon smoke being blown in her face by a coemployee, injury due to an unsafe workplace (Labor Law § 200) as a result of defendant's failure to properly enforce State smoking rules (Public

Health Law art 13-E), and discrimination based upon her gender in violation of Civil Rights Law § 40-c. After joinder of issue and extensive discovery, defendant moved for summary judgment dismissing the complaint. In a well-reasoned decision Supreme Court granted the motion. Plaintiff appeals.

We affirm. We find meritorious defendant's argument that plaintiff's version of events, if accepted as true, merely establish that the alleged mistreatment was the result of animus caused by her complaints and her attitude about smoking in the office and not sexual harassment/discrimination as alleged in her first and sixth causes of action. It is well settled that once a movant has set forth a prima facie showing of entitlement to summary judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), as we find herein, the burden to raise an issue of fact shifts to the nonmoving party (*see, Zuckerman v City of New York*, 49 NY2d 557). In opposition to a motion for summary judgment, the nonmoving party must assemble and lay bare affirmative proof to establish that the matters alleged are real and capable of being established at a trial (*see, Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916).

Here, plaintiff submitted in opposition, *inter alia*, her own affidavit and the affidavit of an expert. The conclusory opinion of the expert fails to disclose the specific facts relied upon. Instead the expert relies upon conversations with plaintiff, the content of which remain undisclosed and unsubstantiated; accordingly, the expert's opinion is insufficient to raise an issue of fact (*see, State of New York v United States Fid. & Guar. Co.*, 221 AD2d 849, 851; *Gardner v Ethier*, 173 AD2d 1002, 1003-1004). According to plaintiff's affidavit, which is mirrored by her deposition, the cause of her difficulties at work were related to her smoking complaints. There was nothing sexual in the complained of conduct. Notably in May 1993, shortly before her discharge, plaintiff filed a discrimination complaint with the State Division of Human Rights wherein she did not check "sex" as the basis of the alleged acts of discrimination; rather, she checked "other" and described the smoking-related problems without any reference to sex based issues.

Further, in opposition to defendant's motion and in support of her first cause of action, plaintiff was required to establish (1) her membership in a protected class, (2) that she was qualified for the position, (3) that she was discharged from the position, and (4) that the discharge occurred under circumstances giving rise to an inference of the alleged unlawful discrimina-

tion, here sexual discrimination (*see, Matter of New York State Off. of Mental Health, Kirby Forensic Psychiatric Ctr. v New York State Div. of Human Rights*, 210 AD2d 686, 687, *lv denied* 86 NY2d 705). The basis for the inference may include proof of replacement by someone outside the protected class, direct evidence of discriminatory intent or statistical evidence of discriminatory conduct (*Weiner v Cataldo, Waters & Griffith Architects*, 200 AD2d 942, 943); no such proof was offered by plaintiff. In her own words plaintiff states that the harassment and rudeness were all related to her smoking complaints or her coemployees' failure to comply with public smoking policy and their failure to exercise common courtesy. The record is totally devoid of any proof even remotely suggestive of sexual harassment or sexual discrimination. Accordingly, Supreme Court properly dismissed the sexual harassment/discrimination cause of action. In light of this conclusion we are also of the view that Supreme Court properly dismissed plaintiff's sixth cause of action which alleges sexual harassment/discrimination in violation of Civil Rights Law § 40-c.

Next, we reject plaintiff's contention that defendant breached its employment contract with her. Plaintiff's second cause of action is based upon her allegation that defendant induced her to leave Albany and relocate to Buffalo; plaintiff was terminated one year after her voluntary transfer. The record provides no support for plaintiff's underlying premise and simply reveals the existence of a traditional oral and indefinite employment-at-will arrangement. Having concluded that plaintiff was not the victim of unlawful discrimination, we further conclude that there was nothing limiting defendant, as the employer, from freely terminating plaintiff (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300-301); therefore, we find no reason to disturb Supreme Court's determination dismissing the wrongful discharge cause of action.

We also reject plaintiff's assertion that she has raised an issue of fact concerning the nature of defendant's conduct regarding her third cause of action which alleges intentional infliction of emotional distress. Our inquiry must focus on whether plaintiff's alleged facts, as compared to her conclusions, constitute conduct so extreme and outrageous in degree and character as to go beyond all possible bounds of decency and which can be regarded as atrocious and utterly intolerable in a civilized community (*see, Howell v New York Post Co.*, 81 NY2d 115, 122; *Freihofer v Hearst Corp.*, 65 NY2d 135, 143-144; *Murphy v American Home Prods. Corp.*, *supra*, at 303). In our view,

plaintiff's own version of the facts does not support her cause of action (*see, Jaffe v National League for Nursing*, 222 AD2d 233). Further, there must be intent to cause, or a disregard of a substantial probability of causing, severe emotional distress as well as the existence of severe emotional distress (*see, Howell v New York Post Co., supra*, at 121). The record reveals that in February 1993, plaintiff saw an ophthalmologist who referred her to a physician in the same practice group. Significantly, the physician made no diagnosis of the cause of plaintiff's complaints of headaches and stress; further, plaintiff never followed up on a referral to a psychologist for stress. Plaintiff's allegations do not support a conclusion that the complained of acts were intended to cause severe emotional distress or were done in disregard of a substantial probability of causing severe emotional distress. Accordingly, Supreme Court properly granted defendant summary judgment dismissing the third cause of action.

Finally, we conclude that Supreme Court properly granted defendant's motion seeking dismissal of plaintiff's fourth and fifth causes of action. In reference to plaintiff's fourth cause of action, workplace touching (i.e., blowing smoke in another's face) is not exempt from the exclusive remedy provisions of the Workers' Compensation Law (*see, Briggs v Pymm Thermometer Corp.*, 147 AD2d 433, 435-436; *see also*, Workers' Compensation Law §§ 10, 11, 29). Moreover, to the extent that blowing smoke may have constituted a battery, the branch manager was clearly acting outside the scope of his employment and was not acting in furtherance of the employer's interest (*see, Jones v State of New York*, 96 AD2d 105, 106-107, *lv denied* 62 NY2d 605; *Estupinan v Cleanerama Drive-In Cleaners*, 38 AD2d 353; *see also, Werner v State of New York*, 53 NY2d 346, 351). Likewise, as to plaintiff's fifth cause of action, Labor Law § 200 does not provide for an exception to the exclusivity of workers' compensation (*see*, Workers' Compensation Law §§ 11, 29 [6]; *Kinsman v McGill*, 210 AD2d 659; *Rainey v Jefferson Vil. Condo No. 11 Assocs.*, 203 AD2d 544, 546, *lv denied* 84 NY2d 804; *Bardere v Zafir*, 102 AD2d 422, *affd* 63 AD2d 850). Exposure in the workplace to secondhand smoke, to the extent injuries occur, is properly a workers' compensation matter (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129).

Mikoll, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.