■ ANTOINETTE MARINI et al., Respondents-Appellants, v VINCENT LOMBARDO, Appellant-Respondent, et al., Defendants.
[835 NYS2d 332]—

In an action, inter alia, for ejectment, the defendant Vincent Lombardo appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Balkin, J.), dated January 12, 2006, as granted those branches of the plaintiffs' motion which were for summary judgment on the cause of action for ejectment and awarding them the sum of $3,000 per month for the current use and occupancy of the subject premises from July 13, 2005, and denied his cross motion, inter alia, for leave to serve an amended answer, (2) from a judgment of the same court dated April 11, 2006, and (3) from an amended judgment of the same court dated June 12, 2006, which, upon the order, is in favor of the plaintiffs and against him in the principal sum of $22,500, directed him to vacate the subject premises, and, among other things, awarded possession of the subject premises to the plaintiffs, and the plaintiffs cross-appeal, as limited by their brief, from so much of the amended judgment as, upon the order, awarded them the sum of $3,000 per month for the current use and occupancy of the premises only from July 13, 2005. The plaintiffs' notice of cross appeal from the order is deemed to be a premature notice of cross appeal from the amended judgment.

Ordered that the appeals from the order and the judgment are dismissed; and it is further,

Ordered that the amended judgment is reversed, on the law, those branches of the plaintiffs' motion which were for summary judgment on the cause of action for ejectment and awarding them the sum of $3,000 per month for the current use and occupancy of the subject premises from July 13, 2005, are denied, the cross motion of the defendant Vincent Lombardo, inter alia, for leave to serve an amended answer is granted, the amended answer is deemed served, the judgment is vacated, and the order is modified accordingly; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the defendant Vincent Lombardo is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are

brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]). The appeal from the judgment must be dismissed as the judgment was superseded by the amended judgment.

The defendant Vincent Lombardo (hereinafter the defendant) and his wife Anna Lombardo (hereinafter the wife or Anna) were married in 1988 and they lived with the wife's parents (hereinafter the Marinis) for the first few years of their marriage. In 1993, the defendant and his wife were ready to buy a house, when they allegedly were approached by the Marinis and told that if they moved to a nearby town, the Marinis would buy the house for them, and that when the Marinis died, the house would "belong" to both the defendant and Anna. Further, the Marinis allegedly told the defendant and Anna that he and the wife would only be responsible for paying the real estate taxes and basic operating expenses of the house. The defendant and his wife accepted the Marinis' offer, and in 1994 they moved into a house which the Marinis purchased.

During the next eight years, the defendant and the wife paid the property taxes and homeowner's insurance and made improvements to the property in an amount allegedly totaling about $100,000. This arrangement was disrupted in 2002 when the defendant commenced an action for divorce against the wife. As a result, the Marinis commenced this action, inter alia, for ejectment against the defendant. Thereafter, the Marinis moved, inter alia, for summary judgment on the cause of action for ejectment, and the defendant cross-moved, among other things, for leave to amend his answer to include a counterclaim seeking to impose a constructive trust. The Supreme Court erred in denying the defendant's cross motion and granting those branches of the Marinis' motion which were for summary judgment on the cause of action for ejectment and awarding them the sum of $3,000 per month for the defendant's current use and occupancy of the house.

The four requirements of a constructive trust are: (1) a confidential or fiduciary relationship; (2) an express or implied promise; (3) a transfer made in reliance on that promise; and (4) unjust enrichment (*see Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Nastasi v Nastasi,* 26 AD3d 32, 37 [2005]). These requirements for establishing a constructive trust are substantially present in this case (*see Simonds v Simonds,* 45 NY2d 233, 241 [1978]; *Nastasi v Nastasi, supra* at 38; *Coco v Coco,* 107 AD2d 21, 24 [1985]). "[T]he purpose of the constructive trust is prevention of unjust enrichment" (*Simonds v Simonds, supra* at 242; *see Matter of Wieczorek,* 186 AD2d 204, 205 [1992]).

Here, in his proposed amended answer, the defendant sufficiently stated a counterclaim for the imposition of a constructive trust by alleging the existence of an implicit promise by the plaintiffs, his in-laws with whom he resided for many years, and his reliance thereon, by paying expenses of the home and paying for improvements to the home. In opposition to the Marinis' prima facie demonstration of entitlement to summary judgment, these allegations created triable issues of fact (see e.g., Booth v Booth, 178 AD2d 712, 713 [1991]; see generally Nastasi v Nastasi, supra at 38; Williams v Lynch, 245 AD2d 715, 716-717 [1997]; Spirt v Spirt, 209 AD2d 688, 689 [1994]; Hira v Bajaj, 182 AD2d 435, 436 [1992]; Lester v Zimmer, 147 AD2d 340, 342 [1989]).

Since the defendant's proposed counterclaim for the imposition of a constructive trust was not totally devoid of merit or palpably insufficient as a matter of law, the Supreme Court improvidently denied the defendant's cross motion, inter alia, for leave to serve an amended answer (see Glaser v County of Orange, 20 AD3d 506 [2005]), and improperly granted those branches of the Marinis' motion which were for summary judgment on the cause of action for ejectment and awarding them the sum of $3,000 per month for the current use and occupancy of the premises. In view of our reversal of the amended judgment, we need not address the parties' contentions with respect to the availability of use and occupancy or the extent thereof. Crane, J.P., Krausman, Covello and Carni, JJ., concur.