OPINION OF THE COURT
William R. LaMarca, J.
Requested Relief
Counsel for defendants, Marilyn S. Perlin and Elise Kasan, moves for an order, pursuant to CPLR 6514 and 6515, cancel-ling the plaintiffs notice of pendency, dated August 25, 2008, filed in the above-captioned action. Counsel for plaintiff, Gary Kasan, opposes the motion, which is determined as follows:
Background
Plaintiff claims an interest in real estate located at 60 Christopher Street, Woodbury, New York. The essence of the defendants’ position is that the complaint fails to adequately state a claim for the imposition of a constructive trust upon real property, and that service of the complaint has not been made upon defendant Perlin at her residence in Florida and, therefore, the notice of pendency has expired. The plaintiff counters that the allegation in the complaint alleging significant improvements to the real estate by him is adequate for the imposition of a trust, and that service was effectuated by affixing a copy of the complaint to the defendant’s door in Florida and mailing a copy to her at that address. The defendant replies that her residence is in a gated community and that, according to the records maintained by the security personnel, the author of the affidavit of service was not at the premises on any of the dates claimed.
*1065 The record reflects that defendant, Marilyn S. Perlin, purchased 60 Christopher Street, Woodbury, New York in 2003 for occupancy by her daughter, defendant Elise Kasan, and her two children. Elise subsequently married plaintiff, Gary Kasan, who resided with her at the premises, although they are now estranged. According to the complaint, the defendants requested that plaintiff pay for improvements to the property and it is alleged that he expended $200,000 at their bidding. The complaint further alleges that Elise Kasan was the beneficial owner of the property, and that title was in Marilyn S. Perlin, as trustee for the benefit of Elise, in order to protect the property from claims against Elise.
On or about August 18, 2008, Marilyn S. Perlin contracted to sell the home. Shortly thereafter, on or about August 25, 2008, plaintiff commenced the instant action in which he sought to impose a constructive trust upon the property based upon his alleged contributions to the property and allegations that he was promised, if he made the requested improvements to the property, that Marilyn S. Perlin would hold title of the property for the benefit of Elise Kasan, and the plaintiff, her husband, who would be the actual owners of the premises. Plaintiff alleges that defendants refused to honor the agreement, or to return his funds, and that defendants have breached a fiduciary obligation owed to him. He seeks to have the defendants decreed as trustees for the benefit of the plaintiff, and that they be directed to convey the property to the plaintiff in fee simple. A second cause of action sounding in agency and breach of a trust relationship is also asserted, which seeks the same relief. Simultaneously, plaintiff filed a notice of pendency against the subject property.
According to Mrs. Perlin’s affidavit and that of Elise, at no time did plaintiff or Elise ever have an ownership interest in the home. Nor was plaintiff ever asked to make purchases on defendants’ behalf or for the house. It appears that the home was purchased by Mrs. Perlin for her daughter, Elise, and her children from a previous marriage, who did not have the funds to purchase or maintain a residence. When she subsequently married plaintiff Kasan, he came to live with Elise in the home, while Perlin continued to pay the mortgage, real estate taxes and other living expenses. Both defendants assert that it is a complete fabrication that Perlin ever agreed to hold title to the house for the benefit of Elise and her husband, Kasan. Defendants state that the house is presently under contract for sale *1066 in the sum of $1,600,000 and that the closing on the sale of the property was scheduled for October 2008 but the existence of the notice of pendency is a cloud on title and has prevented the closing of the transaction. The application before the court requests a cancellation of the notice of pendency, or, if it is permitted to remain, that it be conditioned upon the posting of a security bond in the amount of $1,000,000 for damages which may well follow the loss of the present purchaser. It is the defendant Perlin’s position that the notice of pendency filed by plaintiff is nothing more than an attempt to coerce her into paying money that she does not owe.
The Law
The authority and requirements for securing a valid notice of pendency against real estate are set forth in CPLR article 65. CPLR 6501 provides: “A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property.”
“Once properly indexed, the notice acts as constructive notice to all subsequent purchasers or incumbrancers: ‘A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as if he were a party’ (CPLR 6501). It is this special consequence, resulting as a matter of law from the filing of the statutory notice of pendency which is the essence of the remedy afforded by the Legislature . . .
“Critically, the statutory scheme permits a party to effectively retard the alienability of real property without any prior judicial review . . .
“To counterbalance the ease with which a party may hinder another’s right to transfer property, this court has required strict compliance with the statutory procedural requirements . . .
“In entertaining a motion to cancel, the court essentially is limited to reviewing the pleading to ascertain whether the action falls within the scope of CPLR 6501.” (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 318-320 [1984]; see also New York SMSA Ltd. Partnership v 225 5th, LLC, 8 Misc 3d 1019[A], 2005 NY Slip Op 51194[U] [Sup Ct, NY County 2005].)
*1067 “ ‘Whether or not the action is brought to recover a judgment affecting the title to real property must be determined by the allegations of the complaint, and if no fact is alleged which would justify such a judgment, and where the complaint, as a whole, shows that the action is brought merely to enforce a personal obligation of the defendant which has no relation to the real estate described, it would seem to be clear that such an action is not one brought to recover a judgment affecting the title to real property.’ (Brox v. Riker, 56 App. Div. 388, 391, supra.)” (Richards v Chuba, 195 Misc 732, 736 [Sup Ct, Rensselaer County 1949].)
A constructive trust may be imposed “[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest.” (Beatty v Guggenheim Exploration Co., 225 NY 380, 386 [1919].) It is an equitable remedy, necessarily flexible so as to accomplish its purpose. (Id.) There are four essential elements to establish a constructive trust: “(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment.” (Sharp v Kosmalski, 40 NY2d 119, 121 [1976].) There are no rigid requirements for the establishment of a constructive trust, and these are more aptly considered as guidelines. Because the fundamental purpose is to prevent unjust enrichment, a constructive trust is appropriate whenever necessary to satisfy the demands of justice. (Matter of Knappen, 237 AD2d 677 [3d Dept 1997].)
The threshold question is whether or not the complaint adequately alleges the foregoing four elements. (Nastasi v Nastasi, 26 AD3d 32 [2d Dept 2005].) Nastasi involved the imposition of a constructive trust. The plaintiff alleged that, in reliance upon promises by her son and son-in-law to provide her with an annuity, she conveyed a parcel of realty, which housed the family business of her deceased husband, to a limited liability company owned by them. When the grantees failed to make annuity payments, she brought an action for breach of contract and fraud, and to impose a constructive trust on the property. She alleged in her complaint that the parties were in a confidential relationship, and that the conveyance of the realty was part of the exchange for the promised annuity. The defendants moved for arbitration, in accordance with the agreement, and to vacate the notice of pendency. The Court held as follows:
*1068 “A notice of pendency is authorized to be filed in an action seeking a judgment that would affect the title to, or possession, use, or enjoyment of, real property . . . An action seeking to impose a constructive trust over real property qualifies as one in which the filing of a notice of pendency is allowed . . .
“Cancellation of a notice of pendency can be granted in the exercise of the inherent power of the court where its filing fails to comply with CPLR 6501 . . . In addition, the statutory grounds of mandatory and discretionary cancellation are available to a party aggrieved by the filing of a notice of pendency (see CPLR 6514 [a], [b]) . . . When the court entertains a motion to cancel a notice of pendency in its inherent power to analyze whether the pleading complies with CPLR 6501, it neither assesses the likelihood of success on the merits nor considers material beyond the pleading itself.” (Nastasi v Nastasi, 26 AD3d at 35-36 [citations omitted].)
In Nastasi, the Court denied defendants’ motion to cancel the notice of pendency, giving the pleadings for a constructive trust a broad reading. Cancellation of a notice of pendency is mandatory when service of a summons upon defendants has not occurred within 30 days after its filing. (CPLR 6512, 6514.) Cancellation is discretionary “if the plaintiff has not commenced or prosecuted the action in good faith.” (CPLR 6514 [b].)
The first cause of action in the complaint alleges that the parties were in a relationship of confidence and trust (¶ 15); that a promise was made by the defendants that, if the plaintiff paid for certain work to the premises, the property would be held in trust for the defendant Elise and him (¶ 13); that the plaintiff made a transfer of some $200,000 for the performance of certain work at the premises in reliance upon the promise (¶ 18); and that the defendants, in refusing to honor the agreement to hold the property in trust for him and defendant Elise Kasan, have thereby been unjustly enriched (¶ 23).
In the court’s view, the complaint adequately alleges the requisite elements for the imposition of a constructive trust. Whether or not the plaintiff is able to establish the elements of the four-prong test is left to the trial of the action.
The defendants seek mandatory dismissal and claim that the defendant, Marilyn S. Perlin, was not served within 30 days *1069 of the filing of the notice of pendency, thereby requiring the court to cancel it. There is a factual dispute concerning service. The affidavit of service recites “nail and mail” service within the requisite time period. The reply affidavits of Marilyn S. Perlin and Carolyn Lombardo, the property manager of the gated community in which Mrs. Perlin lives, challenge the contents of the affidavit of service. The affidavit of service recites that the process server attempted to make personal service at Mrs. Perlin’s residence at 9:45 p.m., 7:15 a.m., and 3:32 p.m. on various days, and would seem to satisfy the recently reiterated requirement that service attempts must be made at varying times so as to create a likelihood that the intended recipient will be home on at least one of the dates and times. In contrast, the defendant claims to have been at home on two of the occasions when service was allegedly attempted. Ms. Lombardo advises that there is no record of the process server entering through the single guarded gate at the alleged times.
As a practical matter, a traverse hearing would be warranted, but totally impractical. The cost of producing witnesses from Florida and the fact that there is no time bar precluding the filing of another notice of pendency and service within 30 days would make any such relief purely illusory. The court therefore declines to schedule a hearing on the issue of service in Florida.
But the court is keenly aware that the entire concept of constructive trust is rooted in the inherent power of the courts to do equity among the litigants, and satisfy the demands of justice. (Simonds v Simonds, 45 NY2d 233 [1978]; Nastasi v Nastasi, supra.) Were the plaintiff to apply for an injunction, the court would almost assuredly deny it, since the applicant must establish a likelihood of success on the merits, irreparable injury absent granting of the preliminary injunction, and a balancing of the equities in the movant’s favor. (Ruiz v Meloney, 26 AD3d 485 [2d Dept 2006].) While the existence of a confidential relationship between a mother-in-law and son-in-law during the course of an abbreviated marital relationship and a promise akin to that alleged by the plaintiff are not beyond the realm of possibility, it is hardly more likely than not.
The parties are entitled to a resolution of the factual dispute among them, but equity cannot permit the plaintiff to effectively have the benefit of an injunction against the sale of the home, *1070 particularly during a dramatically declining market.* The defendant has been prevented from concluding the sale of the premises for $1,600,000 because of the existence of the notice of pendency. Under the current circumstances, it is not only possible that the defendant will not find another purchaser for $1,600,000, but that she may not find any other purchaser at all.
The court has considered the defendants’ argument that the plaintiff is required to have an interest in the property prior to the imposition of a constructive trust, but finds that this is not a prerequisite. (Henness v Hunt, 272 AD2d 756 [3d Dept 2000] [contribution of funds to property in reliance of promise to share is sufficient]; see also Hira v Bajaj, 182 AD2d 435 [1st Dept 1992]; Nastasi v Nastasi, supra.) The plaintiff is in a position to claim entitlement to a constructive trust, but it appears that his claimed rights can be protected with far less impact upon the defendants than a notice of pendency. It is the judgment of the court that the notice of pendency should be vacated upon the filing by the defendants of an undertaking from a corporate surety in the amount of $200,000, which, based upon a fair reading of the complaint, is the maximum amount which the plaintiff is entitled to recover if successful on the trial of the action, and provides adequate relief to the plaintiff. Such a requirement for bonding is appropriate pursuant to CPLR 6515. (Simonds v Simonds, supra.) Such undertaking shall not constitute a lien on the real property which is the subject of this action.
It is therefore ordered, that defendants’ motion to cancel the notice of pendency filed herein is granted to the extent that, upon defendants’ filing of an undertaking from a corporate surety in the amount of $200,000, the notice of pendency shall be cancelled and deemed null and void; and it is further ordered, that such undertaking shall not constitute a lien on the real property which is the subject of this action.
All further requested relief not specifically granted is denied.

 S&P/Case-Shiller Home Price Indices show a 7.2% decline in home values between September 2007 and September 2008, and approximately 10% nationally.