Abehsera v Saldin (2020 NY Slip Op 04723)





Abehsera v Saldin


2020 NY Slip Op 04723


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-06698
2018-00154
 (Index No. 4296/16)

[*1]Leon Abehsera, appellant, 
v
Joseph Saldin, respondent.


Bruce S. Reznick, P.C., Brooklyn, NY (Thomas Torto of counsel), for appellant.
Samuel J. DiMeglio, Jr. (Roccanova Law P.C., Huntington, NY [Joseph T. Roccanova], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust on certain real property, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated April 26, 2017, and (2) an order of the same court entered December 11, 2017. The order dated April 26, 2017, granted the defendant's motion for summary judgment dismissing the complaint. The order entered December 11, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendant's motion, and, upon granting that branch of the plaintiff's motion which was for leave to reargue his opposition to the defendant's motion, adhered to the prior determination in the order dated April 26, 2017.
ORDERED that the order dated April 26, 2017, is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, and the order entered December 11, 2017, is vacated; and it is further,
ORDERED that the appeal from the order entered December 11, 2017, is dismissed as academic in light of our determination on the appeal from the order dated April 26, 2017; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant to impose a constructive trust on certain real property in Nassau County, and for related relief. The plaintiff alleged that he, by virtue of an oral agreement with the defendant and equitable contributions to the premises by the plaintiff, owns one half of the premises. The defendant answered and thereafter moved for summary judgment dismissing the complaint. By order dated April 26, 2017 (hereinafter the April 2017 order), the Supreme Court granted the motion. The plaintiff then moved for leave to renew and reargue his opposition to the defendant's motion for summary judgment. By order entered December 11, 2017, the court denied that branch of the plaintiff's motion which was for renewal, granted that branch of the plaintiff's motion which was for reargument, and upon reargument, adhered to its prior determination in the April 2017 order. The plaintiff appeals from both orders.
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting his affidavit denying the existence of any agreement with [*2]the plaintiff regarding ownership or an interest by the plaintiff in the premises, and denying that the plaintiff performed repairs to the premises. However, in opposition, the plaintiff submitted the affidavits of two nonparties who each attested, inter alia, to admissions made by the defendant that the plaintiff was an equal owner of the premises with the defendant. Thus, the affidavits submitted by the parties raise triable issues of fact as to whether the parties, who are in-laws by virtue of the defendant's marriage to the plaintiff's daughter and who lived with each other for several years prior to the defendant moving out, orally agreed to a shared ownership of the subject premises, and as to whether the plaintiff relied on that agreement by paying for repairs and expenses on the home for the benefit of the defendant. Accordingly, the defendant's motion for summary judgment should have been denied (see JP Morgan Chase Bank, N.A. v Bank of Am., 164 AD3d 565, 568; see also Marini v Lombardo, 39 AD3d 824, 825-826).
The plaintiff's remaining arguments need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court