■ Pamela Hornett, Appellant, v Robert P. Leather et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered September 18, 1987 in Columbia County, upon a decision of the court, without a jury, in favor of defendants.

In 1966 plaintiff, a nurse at Albany Medical Center in the City of Albany, met and began dating defendant Robert P. Leather (hereinafter defendant), an attending physician at that hospital. Although defendant was married with four children, the couple's relationship grew close emotionally and physically. During the ensuing years, defendant, *inter alia,* paid for the couple to take numerous trips to places such as Europe and various Caribbean islands, paid for apartments in which plaintiff lived, provided plaintiff with automobiles and supplemented plaintiff's income when she returned to college from 1969 to 1972.

In August 1972 defendant purchased the real property at issue, which is located in the Town of Austerlitz, Columbia County. Defendant purchased the property for $92,500 and obtained a $72,000 mortgage on the property. The couple lived together at this location. Defendant testified that he paid all the expenses associated with the property. In January 1975, following an automobile accident in which defendant was involved, the couple became concerned regarding plaintiff's future in the event of defendant's untimely death. Defendant feared that his wife would get the property if he died and thus, after consulting an attorney, decided to transfer the property to himself and plaintiff as joint tenants with a right of survivorship. Defendant alleged that it was the intent of

the couple that if their relationship should terminate, plaintiff would reconvey her title in the property to defendant.

Subsequently, in August 1976, plaintiff decided to attend law school in Washington, D.C. During plaintiff's time in law school, defendant paid all or a portion of her tuition, paid for her apartment, provided her with a BMW automobile and approximately $700 per month spending money. The relationship deteriorated, however, and there was testimony that in late 1978 the couple agreed that defendant would continue his support of plaintiff through law school and she would then reconvey her interest in the property to defendant.

Plaintiff, however, refused to reconvey the property and, in 1981, commenced this action for partition against defendant and defendant Hudson City Savings Bank, the mortgagee of the property. Defendant answered and, as a first counterclaim, sought to have a constructive trust imposed in his favor. Following a plenary trial without a jury, Supreme Court dismissed plaintiff's complaint, imposed a constructive trust on the property in favor of defendant and directed plaintiff to reconvey the property to defendant by quitclaim deed. Plaintiff appeals.

Plaintiff contends that there was not sufficient proof for Supreme Court to impose a constructive trust upon the property. The elements which are looked to for the imposition of the equitable remedy of a constructive trust are as follows: a confidential relationship, a promise, a transfer in reliance thereon and unjust enrichment (see, e.g., Sharp v Kosmalski, 40 NY2d 119, 121; Matter of Goresen v Gallagher, 97 AD2d 626, 628, lv denied 61 NY2d 602). These elements are not rigid, but are flexible considerations for the court to apply in determining whether to impose a constructive trust (Simonds v Simonds, 45 NY2d 233, 241; Higgins v Normile, 130 AD2d 828, 829).

There is no dispute on appeal that the couple's relationship was a confidential one at the time the transfer of property occurred. Turning to whether there was a promise and reliance thereon, Supreme Court correctly noted that it is not essential that the promise relied upon in making the transfer be express. A promise may be implied where the property was transferred in reliance upon the confidential relationship (Sharp v Kosmalski, supra, at 122; Tordai v Tordai, 109 AD2d 996, 997). Here, defendant testified that the transfer was intended to provide plaintiff with security, and protect the property from his spouse, for as long as the couple's relationship lasted. The attorney who prepared the transfer for defen-

dant testified that he believed it was not intended as a gift. There is sufficient evidence indicating that the property was to be reconveyed by plaintiff upon termination of the relationship. This evidence was credited by Supreme Court and we find no reason to disturb this finding.

With respect to the unjust enrichment element, a person is unjustly enriched when retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties (see, McGrath v Hilding, 41 NY2d 625, 629; Sharp v Kosmalski, supra, at 123). It does not require a showing of a wrongful act by the person enriched (Simonds v Simonds, supra, at 242). Plaintiff received one-half ownership in a valuable piece of property for which her financial contributions were, if anything, minimal. The evidence supports the finding that the transfer was for the purpose of providing security for plaintiff as long as the relationship was intact. The fact that the transfer allegedly resulted in plaintiff becoming liable on the mortgage does not create a situation where unjust enrichment cannot be found where, as here, plaintiff has never been requested to assume any of the mortgage payments and the debt is current (see, Coco v Coco, 107 AD2d 21, 26, appeal dismissed 65 NY2d 637). We conclude that the evidence supports Supreme Court's finding that defendant established the elements of a constructive trust and that equitable considerations supported the granting of such a remedy.

Judgment affirmed, with costs. Casey, J. P., Weiss, Levine and Harvey, JJ., concur.