■ LARRY J. MENDEL, Respondent-Appellant, v WILLIAM HEWITT et al., Appellants-Respondents.—Weiss, J. Cross appeals from an order of the Supreme Court (White, J.), entered May 18, 1989 in Montgomery County, which, *inter alia,* partially granted defendants' motion to dismiss two causes of action in the complaint for failure to state a cause of action.

Plaintiff is a 38-year-old college graduate with a degree in economics who lived and worked on his parents' farm. He was befriended by defendants, who are also farmers and with whom he had transacted farming business. After the death of his parents, plaintiff allegedly looked to defendants for advice and guidance and a relationship akin to parent and child developed. Plaintiff alleges that he acceded to defendants' advice to sell his family farm and transfer a large amount of money to defendants to invest in the purchase of another farm in the Town of Root, Montgomery County, as a joint venture with defendants. One year later, he learned that title to that real property had been conveyed solely to defendants. Plaintiff then commenced this action seeking imposition of a constructive trust or a resulting trust upon the subject real property in his favor and filed a notice of pendency of action against the property. Supreme Court granted defendants' motion to dismiss the second cause of action on the ground

that a cause of action to impress a purchase-money resulting trust had been abolished by statute in this State, and denied both dismissal of the first cause of action and cancellation of the notice of pendency of action. These cross appeals ensued.

In their brief, defendants contend that two of the four basic requirements needed to establish a constructive trust are absent here. Those four elements are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119). Defendants deny the existence of a confidential relationship in which they were morally bound to act in plaintiff's best interest and that plaintiff was justified in reposing a special trust and confidence in defendants' fidelity "so 'pregnant with [the] opportunity for abuse and unfairness' as to require equity to intervene and scrutinize the transaction" *(Bontecou v Goldman,* 103 AD2d 732, 733, quoting *Sharp v Kosmalski,* 40 NY2d 119, 123, *supra).* Defendants emphasize the disparity in age, education and business experience between the parties and that they were merely social friends. However, there is evidence in the record to support a finding that plaintiff sought and defendants gave business advice and that plaintiff clearly disregarded specific advice from his attorney as a result of which he lost a substantial sum of money. Whether plaintiff's relationship with defendants satisfied the initial requisite of a confidential or fiduciary relationship is a factual issue which can only be resolved upon a plenary trial.

Defendants next argue that a transfer, the third requisite element, cannot be satisfied since plaintiff never had an interest in the property nor did he make a transfer in reliance upon a promise or a confidential relationship. We disagree. The four requisite elements "are not rigid, but are flexible considerations for the court to apply in determining whether to impose a constructive trust" *(Hornett v Leather,* 145 AD2d 814, 815, *lv denied* 74 NY2d 603). In *Lester v Zimmer* (147 AD2d 340, 342) this court held that the "transfer concept extends to instances, as here, where funds, time and effort are contributed in reliance on a promise to share in the result". We further held that the fact that the plaintiff never held any previous interest in the disputed parcel was not fatal to her claim *(supra,* at 342). Since the record in this case shows that plaintiff advanced $29,000 for the purchase and some $50,000 for improvements, he has clearly demonstrated a prima facie case. Supreme Court correctly denied summary judgment dismissing the complaint and cancellation of the notice of pendency, which is appropriate when seeking judgment affect-

ing title to real property *(see, Laucella v Grant,* 126 AD2d 705).

Finally, we find that Supreme Court erroneously granted summary judgment dismissing plaintiff's second cause of action seeking the imposition of a purchase-money resulting trust upon the subject real property. The court held that such an action had been abolished by EPTL 7-1.3 (a). We disagree. That section reenacts Real Property Law § 94, and was expanded to include both real and personal property transactions *(see,* Rohan, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 7-1.3 [1990 Pocket Part], at 79). The title of the section, "Purchase-money resulting trust abolished" (EPTL 7-1.3 [a]), is actually a misnomer because two exceptions to abolition are provided for in the statute. A resulting trust may be established if (1) title to property is taken in the name of one person without the consent or knowledge of the person who paid a consideration for the transfer, or (2) in violation of a trust, the transferee has purchased property with the money of another person (L 1966, ch 952, eff Sept. 1, 1967). Resolution of the factual issues posited in favor of plaintiff would result in a purchase-money resulting trust under EPTL 7-1.3 (a). It was therefore error to dismiss that cause of action.

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' motion dismissing the second cause of action; said motion denied; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.