■ MARSHA BOOTH, Respondent, v MILTON BOOTH et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 11, 1991 in Columbia County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff and defendant Ronald J. Booth (hereinafter defendant) were married in 1973 and purchased a residence in the City of Peekskill, Westchester County. Thereafter, in 1980 defendant's parents, defendants Milton Booth and Helen G. Booth (hereinafter the Booths), allegedly advised plaintiff and defendant that if they sold their Peekskill home, the Booths would convey to them a home in the Town of New Lebanon, Columbia County. Plaintiff and defendant ultimately accepted the Booths' oral offer, sold their home in Peekskill for $60,000 and, in December 1980, moved into the Booths' New Lebanon residence.

Shortly after plaintiff and defendant moved into the new house, the parties met and apparently decided to modify their original agreement. At that time, it was orally agreed that the Booths would not give the New Lebanon premises to plaintiff and defendant outright but would convey the property to them by their wills instead. During the next nine years, plaintiff and defendant made substantial permanent improve-

ments to the property in an amount allegedly totaling over $90,000 (which included all proceeds received from the sale of the Peekskill residence). Plaintiff and defendant also allegedly reimbursed the Booths for the real estate taxes on the property by giving them $200 to $300 per month. This went on until July 1989 when defendant commenced an action for divorce against plaintiff. Shortly thereafter, the Booths informed plaintiff that in light of the impending divorce they might sell the house to third parties.

Plaintiff thereafter commenced this action seeking to impose a constructive trust or equitable lien on the property. Following joinder of issue, all defendants moved for summary judgment. Supreme Court ultimately denied the motion, finding questions of fact. This appeal by all defendants followed.

We affirm. In our view, Supreme Court properly determined that plaintiff sufficiently established the elements necessary to sustain a claim for imposition of a constructive trust so as to survive a summary judgment motion. In general, the four basic requirements needed to establish a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119, 121). It must be remembered, however, that a constructive trust is an equitable remedy that may be imposed whenever necessary in order to "satisfy the demands of justice" *(Mattera v Mattera,* 125 AD2d 555, 556). Accordingly, this court has held that the four requisite elements "are not rigid, but are flexible considerations for the court to apply in determining whether to impose a constructive trust" *(Hornett v Leather,* 145 AD2d 814, 815, *lv denied* 74 NY2d 603).

Here, it is not disputed that plaintiff has sufficiently shown that a confidential relationship existed among the parties and that a purported promise was made. Whether plaintiff has shown the transfer or unjust enrichment factors, however, is sharply disputed. Nevertheless, we are satisfied that the transfer element has been sufficiently shown since the court has held that the "transfer concept extends to instances, as here, where funds, time and effort are contributed in reliance on a promise to share in the result" *(Lester v Zimmer,* 147 AD2d 340, 342). The fact that plaintiff herein did not hold any previous interest in the disputed property is not fatal to her claim *(see, supra; see also, Mendel v Hewett,* 161 AD2d 849, 850). With respect to the unjust enrichment element, we reject defendants' contention that they could not have been unjustly enriched because the amount of moneys plaintiff claims she

and her estranged husband expended equaled the fair rental value of the property for the nine years they lived there. Whether the alleged amount constituted fair rental value mischaracterizes the issues involved here. "A person is unjustly enriched when his retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties" *(Tordai v Tordai,* 109 AD2d 996, 997 [citation omitted]). In any event, a question of fact as to unjust enrichment is clearly presented here and summary judgment is inappropriate.

The remaining arguments raised in this case have been examined and have been found to be devoid of merit. Supreme Court correctly rejected the contention that plaintiff's action is untimely under the six-year Statute of Limitations for constructive trusts *(see,* CPLR 213 [1]). Contrary to defendant's argument in his brief, the statute did not begin to run when the parties modified the alleged agreement in December 1980. According to plaintiff, the Booths "allegedly refused to perform their promise" *(Savage v Savage,* 63 AD2d 808, 809, *appeal dismissed* 46 NY2d 771) in 1989, when plaintiff was reportedly told she would never obtain her promised interest in the subject property. Only then did the statute begin to run *(supra; see, Lyons v Quandt,* 91 AD2d 709, 710). As for defendant's invocation of the Statute of Frauds, we note finally that this statute is "not a defense to a properly pleaded cause of action to impose a constructive trust upon real property" *(Gottlieb v Gottlieb,* 166 AD2d 413, 414).

Mahoney, P. J., Casey, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.