■ LARRY J. MENDEL, Respondent-Appellant, v WILLIAM HEWITT et al., Appellants-Respondents.—Weiss, P. J. Cross appeals from a judgment of the Supreme Court (White, J.) in favor of plaintiff, entered December 20, 1990 in Montgomery County, upon a decision of the court with an advisory jury.

When this case was previously before us (161 AD2d 849), this Court modified the order of Supreme Court which had granted defendants' motion to dismiss the complaint by reinstating plaintiff's second cause of action which sought to impose either a constructive trust or a resulting trust. Following trial, an advisory jury found that plaintiff's proof failed to establish a constructive trust but was sufficient to prove a resulting trust. The jury also found against plaintiff on his causes of action to recover money loaned to defendants. Supreme Court adopted the jury's findings and granted judgment directing that defendants convey title to the property to plaintiff and defendants as tenants in common, but declined plaintiff's request to determine the respective interests, rights and shares of the parties because of the inadequacy of the proof in the record on those issues. Defendants have appealed from each and every part of the judgment* and plaintiff has cross-appealed from so much thereof as denied his request to determine his equitable interest in the trust property.

The facts may be found in our previous decision (161 AD2d 849, *supra)* and need only be stated briefly here. Following the death of plaintiff's parents, a close quasi-familial relationship developed between plaintiff and defendants as a result of which plaintiff relied upon the advice of defendant William Hewitt and sold his farm property in the Town of Patterson, Putnam County. Plaintiff alleges that he and defendants agreed to purchase another farm which would be operated by the three of them as a joint venture. About two years after the closing on the purchase of this farm and after plaintiff had expended approximately $51,400 for the property and

---

* Defendants' brief argues only for affirmance of the judgment and, accordingly, we deem the remainder of their appeal abandoned *(First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

refurbishing costs, plaintiff learned that title was solely in defendants' name and commenced this action.

Inasmuch as neither plaintiff nor defendants seek to disturb that portion of the judgment which ordered a conveyance of the property to the three of them as tenants in common, the sole issue remaining is whether Supreme Court erred in declining to determine the respective interests of the parties in the trust property. In his trial testimony, plaintiff readily acknowledged that his relationship with defendants "would be like a joint venture because I had the working capital and he had the know-how and experience and—how to manage" (sic). Later, in his direct testimony in response to an inquiry about the agreement, plaintiff stated that "I would provide the working capital and I would help Mr. Hewitt to repair and refurbish the property, and we would work on it together".

The foregoing was sufficient to establish that plaintiff entered into a hybrid joint venture relationship without a written agreement in which he was to provide the required capital and Hewitt was to provide the management and expertise, and that they would operate the farm together. There is adequate support in the record for the verdict which held that a resulting trust existed (see, 161 AD2d 849, 851, supra). However, the evidence did not clearly prove what the respective ownership interests of each party would be. In describing the events immediately following the closing of title to the farm, plaintiff testified as follows:

"Q. Can you tell us what if anything he said to you at that time?

"A. 'Congratulations. We now have a farm. We have a farm.'

"Q. Did he say anything else? About how it was titled?

"A. All three names were included and so that we would all have security if—operating it together" (sic).

In sum, the evidence showed that while plaintiff did transfer substantial sums of money to defendants for the purchase and operation of the joint venture, Supreme Court was correct in holding that the record lacked sufficient evidence of ownership shares in the joint venture. Because the judgment requires that defendants convey title to all three as tenants in common, the status will then be that initially contemplated by the parties, i.e., title in all three names. Plaintiff may seek adjudication of his interest by further application to the court or in a partition action as the judgment provides.

We do find, however, that plaintiff is clearly entitled to the

accounting of the income and expenditure of the joint venture funds by defendants as sought in his complaint *(see,* 1 NY Jur 2d, Accounts and Accounting, §§ 29-40). The judgment should require that defendants provide an accounting of the funds which flowed into the venture and of the services and benefits associated therewith.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by directing that defendants provide plaintiff a complete accounting of the joint venture, and, as so modified, affirmed.