■ SANDRA S. JOHNSON, Respondent, v ARNE LIH, Appellant. [628 NYS2d 458] —Crew III, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered February 16, 1994 in Cortland County, upon a decision of the court in favor of plaintiff.

Plaintiff and defendant are, respectively, the favored niece and nephew of Percy Hines and Lloyd Hines. Prior to their deaths, Percy and Lloyd resided on a farm in the Town of Marathon, Cortland County. In 1985, Percy and Lloyd executed substantially similar wills, under the terms of which the surviving brother would receive the deceased brother's interest in all real property upon his death. Upon the death of the surviving brother, plaintiff was to receive the farmhouse and the land upon which it was located and defendant was to receive all other real property. Plaintiff and defendant also were to share equally in the remainder of the estate.

Following Percy's death in February 1986, plaintiff moved from Pennsylvania to Marathon to care for Lloyd; it was not until almost a year later that plaintiff obtained suitable

employment in the City of Syracuse, Onondaga County, which required a 50-mile commute to work each way. Plaintiff remained in the farmhouse until December 1990, during which time she prepared meals, shopped for groceries, performed the necessary housekeeping chores, handled Lloyd's financial matters and undertook substantial renovations to the farmhouse. The record further indicates that plaintiff continued to perform many of these tasks for Lloyd even after she moved out.

In June 1991, Lloyd purportedly decided that he wanted to be "partners" with defendant and, to that end, Thomas Jewett, the attorney who had prepared the 1985 wills, drew up a new deed for Lloyd's home adding defendant's name as a joint owner with a right of survivorship. It appears that Lloyd wished to protect the property from a potential Medicaid lien and believed, albeit mistakenly, that adding defendant's name to the deed would accomplish this. Although Jewett explained to Lloyd that adding defendant's name to the deed would result in the property being transferred in its entirety to defendant upon Lloyd's death, Jewett admittedly did not discuss with Lloyd the effect that the transfer would have upon Lloyd's previously executed will which, Lloyd made quite clear, he did not wish to change. Shortly thereafter, defendant's name also was added to Lloyd's bank accounts and his certificate of deposit.

Within a matter of weeks, Lloyd was admitted to the hospital, where he would remain until his death on August 26, 1991. Two days before his death, Lloyd was visited by his brother James Hines and sister-in-law Katherine Hines, both of whom recalled Lloyd indicating that he had left his property to plaintiff and defendant as outlined in the previously executed will. The record further indicates that while still present in the hospital room immediately following Lloyd's death, defendant was heard to gloat, with respect to the disposition of Lloyd's property, "I've got it all * * * I've got it all away from the bitch. * * * I had a lawyer or a bank—two bank officials sign it, and nobody's going to get it away from me. I have it all."

Plaintiff thereafter commenced this action seeking to impose a constructive trust upon the real and personal property transferred to defendant following Lloyd's death. At the conclusion of a nonjury trial, Supreme Court found in favor of plaintiff, and this appeal by defendant followed.

We affirm. As a general rule, four basic elements are required to establish a constructive trust: "(1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance

thereon, and (4) unjust enrichment" (*Booth v Booth*, 178 AD2d 712, 713; *see, Ostriker v Ostriker*, 203 AD2d 343, 345). These elements are simply guidelines, however, and a constructive trust, as an equitable remedy, may be imposed whenever justice so demands (*see, Nockelun v Sawicki*, 197 AD2d 507, 508; *Hornett v Leather*, 145 AD2d 814, 815, *lv denied* 74 NY2d 603).

In our view, Supreme Court's imposition of a constructive trust is amply supported by the record. Initially, it is apparent that there was a confidential relationship between Lloyd and defendant; indeed, defendant conceded as much at trial. As to the second element, the promise at issue is not, as defendant contends, a promise by Lloyd to plaintiff that if she moved into the farmhouse and cared for him, he would leave her the farmhouse and one half of his other assets. Rather, the promise which forms the basis for the constructive trust is the promise by defendant to Lloyd that notwithstanding their "partnership", Lloyd's testamentary plan as outlined in his previously executed will would be fulfilled. In this regard, it is important to note that the promise in question need not be express but may be "implied or inferred from the very transaction itself" (*Sharp v Kosmalski*, 40 NY2d 119, 122; *see, Hornett v Leather*, *supra*, at 815).

The testimony at trial plainly established that Lloyd did not wish to alter his will and, further, that it was his intention that plaintiff and defendant each receive the real and personal property as outlined in that will. It is equally apparent that the subject transfers were made in reliance upon defendant's implicit promise to Lloyd to uphold his testamentary plan. Finally, as to the element of unjust enrichment, "a person is unjustly enriched when retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties" (*Hornett v Leather*, *supra*, at 816). In view of plaintiff's close relationship with Lloyd and defendant's demonstrated animus toward plaintiff, defendant, as the holder of legal title, "may not in good conscience retain a beneficial interest" (*Terrille v Terrille*, 171 AD2d 906, 907). Accordingly, Supreme Court's judgment should be affirmed.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.