■ ETHIE MOAK, Respondent-Appellant, v ROBERT RAYNOR, Appellant-Respondent. [814 NYS2d 289]—

Kane, J. Cross appeals from an order of the Supreme Court (Malone, Jr., J.), entered August 24, 2005 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for sanctions.

The parties were romantically involved and began living together on plaintiff's property in 1987. Before this relationship began, defendant owned a sawmill business which he had operated on a part-time basis. Soon after he moved in with plaintiff, he restarted the business on a full-time basis. The business initially involved defendant traveling to work sites with a portable sawmill, but later evolved into a situation where most work was performed on plaintiff's property. Plaintiff was involved in the business by providing bookkeeping services, creating invoices, calculating sales taxes, providing meals for workers and performing some manual labor such as sharpening and setting the blades for the sawmills. Throughout this time, plaintiff was also engaged in full-time employment away from her premises. The parties kept their personal finances separate and plaintiff paid most bills related to the residence, as well as the property taxes. In 1997, defendant incorporated the business, naming himself as sole shareholder. In 1999, the parties' relationship soured and defendant moved out of plaintiff's residence. Following the breakup, defendant removed and sold most of the business equipment, but left junk and debris from the sawmill on plaintiff's property.

Plaintiff commenced this action to impose a constructive trust on the business assets or any money received from the sale of business equipment. Following discovery, defendant moved for summary judgment dismissing the complaint. Plaintiff cross-moved for sanctions pursuant to CPLR 3126 based upon

defendant's allegedly willful failure to disclose documents. Supreme Court granted both motions and dismissed the complaint, but required defendant to pay plaintiff $28,000 in sanctions. Both parties appeal.

The elements of a constructive trust are a confidential relationship, a promise, a transfer in reliance on that promise and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Leire v Anderson-Leire*, 22 AD3d 944, 945 [2005]). As a constructive trust is an equitable remedy, courts do not rigidly apply the elements but use them as flexible guidelines (*see Henness v Hunt*, 272 AD2d 756, 757 [2000]; *Booth v Booth*, 178 AD2d 712, 713 [1991]). In this flexible spirit, the promise need not be express, but may be implied based on the circumstances of the relationship and the nature of the transaction (*see Sharp v Kosmalski, supra* at 122; *Johnson v Lih*, 216 AD2d 821, 823 [1995]; *Hornett v Leather*, 145 AD2d 814, 815 [1988], *lv denied* 74 NY2d 603 [1989]). Similarly, courts have extended the transfer element to include instances where funds, time and effort were contributed in reliance on a promise to share in some interest in property, even though no transfer actually occurred (*see Henness v Hunt, supra* at 757; *Booth v Booth, supra* at 713).

Defendant concedes that a confidential relationship existed, but argues that he never made any promise to share any portion of the business and its equipment with plaintiff. Defendant made statements to plaintiff and third parties referring to "our business" and stating that the money from the business would be used for the parties' retirement plans in Mexico. These statements could be viewed as an indefinite express promise. The parties' relationship and circumstances could also be construed to suggest an implied promise. Plaintiff performed bookkeeping and other services for the business on nights and weekends, despite her full-time employment elsewhere. Defendant used some business money to buy vehicles registered in plaintiff's name and for vacations that the parties took together, but plaintiff was not paid for her services. The parties intentionally did not commingle their personal assets in the event that they split. Without any real compensation, plaintiff permitted the business to be operated on her land, used her home phone for the business, turned one room in her house into an office and paid the property taxes and electric bill for this realty. While incorporation of the business in defendant's name alone implies that defendant was not promising plaintiff partial ownership, the parties were not business savvy and plaintiff alleges that incorporation in defendant's name alone was undertaken, with

her full knowledge and participation, to protect both of their assets. Under the circumstances, a jury should decide whether a promise existed (*see Sharp v Kosmalski, supra* at 122; *cf. Hornett v Leather, supra* at 815).

The transfer element is also a matter for the jury. Plaintiff is seeking a distribution of half the proceeds from the sale of business equipment, but that equipment was never in plaintiff's name and defendant paid for it all. Plaintiff's payment of her property taxes helped the business in the sense that the sawmill was located there and her property was the center of business activity, but she would have been required to pay those taxes even if there was no business. She also paid the phone bill and electric bill, but it is unclear how those bills increased due to business operations. There was at least a transfer of a possessory interest in the property where business equipment was located and in the office in her home. Plaintiff contributed time, effort, funds and use and occupancy of her land toward the business, but there is still a jury question as to whether those transfers were in reliance on some promise to share in some interest of the business, or whether plaintiff helped defendant based on love and affection due to their personal relationship (*see Booth v Booth, supra* at 713).

Regarding unjust enrichment, defendant worked full time in the business and contributed all the funds required to start the business. For more than 10 years he ran the business as a sole proprietorship, leaving himself liable for any potential losses. After incorporation, he was the sole shareholder. On the other hand, plaintiff never got paid for services rendered to the business or for the extensive use of her property. When defendant removed the sawmill equipment, he did not clean up plaintiff's property or remove unwanted debris, leaving a substantial mess. A jury must determine whether defendant was unjustly enriched when he sold the business equipment without giving plaintiff any portion of the proceeds and without returning her property to its prebusiness condition (*compare Williams v Lynch*, 245 AD2d 715, 716 [1997], *appeal dismissed* 91 NY2d 957 [1998]). Therefore, Supreme Court should not have granted defendant's motion for summary judgment dismissing the complaint.

Supreme Court also improperly sanctioned defendant $28,000 based on alleged willful disclosure violations. CPLR 3126 authorizes a court to fashion an appropriate remedy in response to a party's refusal to obey an order of disclosure or willful failure to disclose information, leaving the type and degree of sanction to the court's discretion (*see Greaves v Burlingame*, 12 AD3d 730, 731 [2004], *lv dismissed, denied* 5 NY3d 741, *lv*

*dismissed* 5 NY3d 742 [2005]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660 [2004]). Yet we must reverse the sanction imposed here.

Defendant's refusal or delay in signing or returning his deposition transcript was not a disclosure violation and did not prejudice plaintiff as there is statutory direction for use of such a transcript as if it were signed (*see* CPLR 3116 [a]; *Ireland v GEICO Corp.*, 2 AD3d 917, 918 [2003]). Requested information regarding timeshares was not in defendant's possession; he had no obligation to provide information in the possession of a third party and plaintiff never asked for a release or issued a subpoena to obtain these documents on her own (*see* CPLR 3120 [1] [i]; *DeGourney v Mulzac*, 287 AD2d 680, 680 [2001]; *Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). As for the business records, plaintiff herself testified that the corporate records remained at her house after the parties split and there were few physical records kept before incorporation. Defendant could not produce documents that either did not exist or were in plaintiff's possession. Plaintiff contends that defendant violated a stipulated order that he would clean up her property, but no such order appears in the record and plaintiff had defendant arrested when he entered her property, supposedly for the purpose of cleaning it up. Although defendant and his counsel were slow to respond to communications from plaintiff's counsel, plaintiff filed a note of issue and did not move to compel disclosure, only cross-moving for sanctions when defendant moved for summary judgment two years after the depositions took place. Under the circumstances, the record fails to substantiate any willful disclosure violations requiring sanctions.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant's motion and plaintiff's cross motion denied.