Baker v Harrison (2020 NY Slip Op 01233)





Baker v Harrison


2020 NY Slip Op 01233


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

528476

[*1]Michael T. Baker, Appellant,
v
Anna Harrison, Respondent.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons and Reynolds Fitzgerald, JJ.


Gregory V. Canale, Queensbury, for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Karla Williams Buettner of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Auffredou, J.), entered January 10, 2019 in Warren County, which granted defendant's motion for, among other things, summary judgment dismissing the complaint.
From 2000 until 2017, plaintiff and defendant were in a long-term romantic relationship. During their relationship, the parties ran a timber harvesting business for which various equipment was purchased. By deed dated March 7, 2017, a 4.66-acre parcel of undeveloped land on State Route 9 in the Town of Chester, Warren County (hereinafter property) was transferred by its owner to defendant for a purchase price of $3,500. Although the property was paid for by way of a check drawn on defendant's bank account, plaintiff contends that he in fact was the purchaser of the property, and the money utilized in the purchase, while drawn from defendant's account, was actually his as the result of a loan from defendant. He further contends that, although he was the actual purchaser of the property, he purposely directed that the deed be put in defendant's name, in an effort to thwart potential creditors. In May 2017, when the parties' relationship ended, plaintiff promptly called the attorney who had drawn the deed and directed that he destroy it and draw up a new one listing his current paramour as grantee. The attorney demurred and advised that both plaintiff and defendant seek new counsel. Both parties did so. Plaintiff's new attorney prepared a second deed, dated August 30, 2017, purporting to convey the property from the original owner to plaintiff. However, before that deed was recorded, defendant recorded the deed in the Warren County Clerk's office naming her as owner.
In October 2017, plaintiff commenced this action asserting causes of actions for a constructive trust, for a determination of the parties' rights to the property pursuant to RPAPL article 15 and unjust enrichment. Defendant joined issue and asserted five counterclaims, seeking a determination of the parties' rights pursuant to RPAPL article 15, damages for trespass, treble damages for harvesting trees and timber and damages for two separate conversions of trees, rocks, personal property and equipment. Following the completion of paper discovery, but prior to depositions taking place, defendant moved for summary judgment dismissing the complaint and for judgment on her counterclaims. Supreme Court granted defendant's motion, finding that defendant demonstrated that (1) she is the owner of the property, (2) plaintiff could not establish all four elements of a constructive trust, and (3) plaintiff would be unable to establish that defendant was unjustly enriched. The court dismissed plaintiff's complaint and granted defendant judgment on her first counterclaim, determining that she is the owner in fee simple of the vacant property. Based upon that determination, the court further found plaintiff liable on defendant's second, third, fourth and fifth counterclaims, and ordered the matter be scheduled for a trial on damages. Supreme Court also rejected plaintiff's contention that summary judgment was premature. Plaintiff appeals.
"The elements of a constructive trust are a confidential relationship, a promise, a transfer in reliance on that promise and unjust enrichment. As a constructive trust is an equitable remedy, courts do not rigidly apply the elements but use them as flexible guidelines. In this flexible spirit, the promise need not be express, but may be implied based on the circumstances of the relationship and the nature of the transaction. Similarly, courts have extended the transfer element to include instances where funds, time and effort were contributed in reliance on a promise to share in some interest in property, even though no transfer actually occurred" (Moak v Raynor, 28 AD3d 900, 902 [2006] [citations omitted]). Here, both parties concede that they had a confidential relationship. However, it is sharply disputed whether there was a promise, a transfer or unjust enrichment.
Plaintiff contends that he is the sole owner of the logging business, and he performed all labor attendant thereto. He alleges that all income and proceeds from his business were deposited into defendant's bank account and that these proceeds were used to pay for the equipment and the vacant property. Lastly, plaintiff asserts that, despite title being in defendant's name, it was understood between the parties that the equipment, personal property and real property were his, and he could use and dispose of the property as he wished.
Defendant denies the existence of any such promise. She alleges that the parties were both engaged in the work of harvesting timber. Although she agrees that plaintiff performed the physical labor of harvesting trees and timber, she avers that she performed the administrative duties necessary to run the business. She affirms that all income from the business was deposited into her bank account and reported on her tax returns, she is the title holder of all land and equipment associated with the business and paid all taxes and insurances attendant thereto. In addition, she signed all financing agreements and was solely responsible for and remitted payment on all assets.
An express promise is not required to impose a constructive trust. The parties' relationship and circumstances may be construed to suggest an implied promise (see Moak v Raynor, 28 AD3d at 902). Additionally, the promise may be implied or inferred from the very transaction itself (see Johnson v Lih, 216 AD2d 821, 823 [1995]).
Both parties seek a portion of the proceeds from the sale of equipment and personal property. Plaintiff seeks a constructive trust of the vacant land. The transfer concept extends to instances, where, as here, funds, time and effort are contributed in reliance on a promise to share in the result. The fact that plaintiff does not hold any previous interest in the disputed personal and real property is not fatal to his claim (see Moak v Raynor, 28 AD3d at 903; Booth v Booth, 178 AD2d 712, 713 [1991]; Mendel v Hewitt, 161 AD2d 849, 850 [1990]).
"A person is unjustly enriched when his [or her] retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties" (Tordai v Tordai, 109 AD2d 996, 997 [1985] [citation omitted]). Plaintiff claims this is his business, that he worked full time and utilized all funds earned in the business to purchase the equipment, personal property and the vacant land. On the other hand, defendant argues it was their business, she held title to all assets, paid for all assets and debts and paid for plaintiff's services by paying his expenses, housing and cash.
Defendant has submitted, among other things, the deed to the property, copies of the checks [FN1] from her account used to pay for the property and receipts for school and county taxes. Plaintiff's documentation in support of his argument amounts to two letters to him from the original attorney involved in the land sale, and a receipt for timber. However, plaintiff's affidavit — wherein he avows his ownership of the business and property and his transfer in reliance on defendant's promise, and alleges her unjust enrichment — is sworn to and based on first-hand knowledge. We are not persuaded that such an affidavit can be disregarded as merely self-serving and conclusory as defendant urges. Rather, the credibility of the parties emerges as the critical factor in resolving these material issues, and this cannot be resolved on a motion for summary judgment (see Ramee v Weathervane Seafoods, 273 AD2d 768 (2000). In addition, the issue of whether the property was to be held by defendant, or held by defendant in trust for plaintiff, requires the resolution of issues of fact as to the intent of the parties, which also must await the trial of the action (see Van Alphen v Robinson, 71 AD2d 1039, 1039 [1979]). Therefore, Supreme Court should not have granted defendant's motion for summary judgment dismissing the complaint, nor should it have granted defendant summary judgment on her five counterclaims (see Moak v Raynor, 28 AD3d at 903).
In light of the foregoing, plaintiff's remaining contention regarding defendant's motion being premature has been rendered academic.
Clark, J.P., Devine and Aarons, JJ., concur.
ORDERED the order is reversed, on the law, with costs, and motion denied.
Clerk of the Court



Footnotes

Footnote 1: One of the checks does have plaintiff's name handwritten above defendant's name.