Kissane v Cashman (2023 NY Slip Op 03457)

Kissane v Cashman

2023 NY Slip Op 03457

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO RIVERA
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2021-05417
 (Index No. 66286/20)

[*1]Ruth Kissane, et al., respondents,
v
Orla Cashman, appellant.

Charles Leonard Mitchell, New York, NY, for appellant.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY (William A. Rome and Philip T. Simpson of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on certain real property, the defendant appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated June 21, 2021. The order, insofar as appealed from, denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action, inter alia, to impose a constructive trust on certain real property formerly owned by nonparty Margaret Cashman (hereinafter the decedent), the now-deceased mother of the plaintiffs and the defendant. The complaint alleged that, prior to the decedent's death and while she was the owner of the subject property, the plaintiff Ruth Kissane (hereinafter Ruth) and Ruth's then husband advanced the decedent $600,000 for repairs to the subject property so that the decedent could remain living there, and the defendant advanced the decedent $400,000 for repairs. The decedent then transferred the subject property to the defendant and the defendant's then boyfriend for the purpose of obtaining a mortgage loan to, among other things, repay a portion of the loan that had been given by Ruth. The defendant was residing with the decedent as her primary caretaker at the time and held a power of attorney. The complaint further alleged that the defendant had promised the decedent and Ruth that she would sell the property upon the decedent's death and repay the remainder of the loans to Ruth and herself, and that any remaining proceeds would then be distributed to the decedent's children, in accordance with the decedent's wishes. After obtaining a mortgage loan, the defendant repaid $340,000 of the $600,000 loan from Ruth, and the defendant's then boyfriend transferred his interest in the property to the defendant. When the decedent died, the defendant refused to honor her alleged promise.
The defendant moved, inter alia, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. By order dated June 21, 2021, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appeals.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Phillips v Taco Bell Corp., 152 AD3d 806, 807; see Leon v Martinez, 84 NY2d 83, 87-88).
"Generally, a constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (Sharp v Kosmalski, 40 NY2d 119, 121 [internal quotation marks omitted]). "'[T]o obtain the remedy of a constructive trust, a plaintiff generally is required to demonstrate four factors: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise'" (Hernandez v Florian, 173 AD3d 1144, 1145, quoting Mei Yun Chen v Mei Wan Kao, 97 AD3d 730, 730; see Seidenfeld v Zaltz, 162 AD3d 929, 934). These elements serve only as guidelines, and a constructive trust may still be imposed "wherever the required elements are substantially present" (Seidenfeld v Zaltz, 162 AD3d at 935 [internal quotation marks omitted]), or "even if all four elements are not established" (Tyree v Henn, 109 AD3d 906, 907). The remedy "is given broad scope to flex in response to all human implications of the transaction . . . and to satisfy the demands of justice" (Nastasi v Nastasi, 26 AD3d 32, 38; see Simonds v Simonds, 45 NY2d 233, 239).
The defendant does not challenge on appeal whether the complaint adequately pleaded the elements of a promise, a transfer in reliance, and unjust enrichment. Contrary to the defendant's contention, the allegations in the complaint as to the parties' familial relationship sufficiently pleaded the fiduciary or confidential relationship element to state a cause of action for the imposition of a constructive trust (see Rowe v Kingston, 94 AD3d 852, 853; Marini v Lombardo, 79 AD3d 932, 933; Nockelun v Sawicki, 197 AD2d 507, 508).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint.
BARROS, J.P., RIVERA, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court