Canas v Oshiro (2023 NY Slip Op 05585)

Canas v Oshiro

2023 NY Slip Op 05585

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-09099
 (Index No. 63011/20)

[*1]Lizbeth Margarita Canas, appellant, 
v
Eduardo Nicholas Oshiro, et al., respondents.

Jacqueline Warner, Mount Vernon, NY (Earl Williams of counsel), for appellant.
Sisca Sisca & Associates LLP, Port Chester, NY (John A. Tartaglia III of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust and to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated November 8, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action, and denied that branch of the plaintiff's cross-motion which was for summary judgment on the first cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In October 2020, the plaintiff commenced this action, inter alia, to impose a constructive trust and to recover damages for unjust enrichment. The plaintiff alleged that she and the defendant Eduardo Nicholas Oshiro were formerly involved in a romantic relationship, and that during the relationship, she and Oshiro agreed to enter into the restaurant business with a "50/50 ownership." The plaintiff further alleged that during the relationship, she and Oshiro formed the defendants Emity Corp. and Emity Ava, LLC, to operate a restaurant in Port Chester and a restaurant in Stamford, Connecticut, respectively, and that after the relationship ended, Oshiro formed the defendant Saru Saru, LLC, to operate a third restaurant in Port Chester, using resources obtained from the first two restaurants. The plaintiff sought, among other things, in the first cause of action, to impose a constructive trust and, in the second cause of action, to recover damages for unjust enrichment based upon allegations that Oshiro refused to recognize her 50% ownership in the restaurant businesses. Thereafter, the defendants moved, inter alia, for summary judgment dismissing the constructive trust and unjust enrichment causes of action, and the plaintiff cross-moved, among other things, for summary judgment on the constructive trust cause of action. In an order dated November 8, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
"To prove unjust enrichment, a party must show that the other party was enriched at [*2]his or her expense, and it is against equity and good conscience to permit that person to retain what is sought to be recovered" (Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1491; see Sharp v Kosmalski, 40 NY2d 119, 123). In order to impose a constructive trust, a litigant is generally required to establish four elements by clear and convincing evidence: "(1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 644 [internal quotation marks omitted]; see Delidimitropoulos v Karantinidis, 186 AD3d at 1490; Diaz v Diaz, 130 AD3d 560, 561). However, the four "elements . . . serve only as a guideline, and a constructive trust may still be imposed . . . provided that those factors are substantially present" (Delidimitropoulos v Karantinidis, 186 AD3d at 1490-1491 [internal quotation marks omitted]; see Ning Xiang Liu v Al Ming Chen, 133 AD3d at 645; Mei Yun Chen v Mei Wan Kao, 97 AD3d 730, 730). Further, there is no requirement that the alleged promise be expressly stated; rather, "a promise may be implied or inferred from the very transaction itself" (Sharp v Kosmalski, 40 NY2d at 122; see Ning Xiang Liu v Al Ming Chen, 133 AD3d at 645; Janke v Janke, 47 AD2d 445, 448-449, affd 39 NY2d 786). Courts have also "extended the transfer element to include instances where funds, time and effort were contributed in reliance on a promise to share in some interest in property, even though no transfer actually occurred" (Baker v Harrison, 180 AD3d 1210, 1212).
Here, the defendants established, prima facie, that no promise of joint ownership over the restaurant businesses was ever made to the plaintiff and that she was compensated for any services she provided. However, in opposition to the defendants' prima facie showing, the plaintiff raised triable issues of fact as to whether there was an express or implied promise for the plaintiff to be a 50% owner of the restaurant businesses by submitting, inter alia, the plaintiff's affidavit (see id. at 1212; Moak v Raynor, 28 AD3d 900, 902-903; Janke v Janke, 47 AD2d at 448-449). In her affidavit, the plaintiff averred, among other things, that she and Oshiro agreed that the businesses should be placed in Oshiro's name only for tax purposes, but they "agreed to do the business[es] together," and that she performed organizational and managerial functions for the restaurant businesses, while Oshiro acted as a chef. Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the constructive trust and unjust enrichment causes of action.
In support of her cross-motion, the plaintiff failed to eliminate triable issues of fact as to the existence of an express or implied promise of a 50% ownership interest in the restaurant businesses (see Moak v Raynor, 28 AD3d at 902-903). Therefore, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the constructive trust cause of action.
The parties' remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court