Estate of Bahar Uddin v Miah (2024 NY Slip Op 04061)

Estate of Bahar Uddin v Miah

2024 NY Slip Op 04061

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-07873
 (Index No. 709058/22)

[*1]Estate of Bahar Uddin, et al., appellants, 
v
Mohammed Tara Miah, respondent.

Law Offices of Andreas Vasilatos, PLLC, Brooklyn, NY (Scott P. Benjamin of counsel), for appellants.
Jack L. Glasser, P.C., Jamaica, NY, for respondent.

DECISION & ORDER
In an action to impose a constructive trust and to recover damages for unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered September 7, 2022. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 325 and 602 to stay a holdover proceeding entitled Miah v Nesa, pending in the Civil Court, Queens County, under Index No. 302688/22, to remove that proceeding to the Supreme Court, Queens County, and to consolidate that proceeding with this action, and granted that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the plaintiffs' motion which were pursuant to CPLR 325 and 602 to stay a holdover proceeding entitled Miah v Nesa, pending in the Civil Court, Queens County, under Index No. 302688/22, to remove that proceeding to the Supreme Court, Queens County, and to consolidate that proceeding with this action are granted, and that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint is denied.
In April 2022, the plaintiffs commenced this action to impose a constructive trust and to recover damages for unjust enrichment. The plaintiffs alleged that the defendant, the uncle of the plaintiff Abu Sufian, had purchased property located in Queens with Sufian's father and the defendant's brother, Bahar Uddin, as joint tenants with the right of survivorship. The plaintiffs further alleged that prior to Uddin's death, the defendant promised Uddin and Sufian that, upon Sufian turning 18, the defendant would transfer a 50% ownership interest in the property to Sufian, regardless of the right of survivorship.
In February 2022, the defendant had commenced a holdover proceeding in the Civil Court, Queens County, to evict Sufian and Uddin's other family members from the property. In this action, the plaintiffs moved, inter alia, pursuant to CPLR 325 and 602 to stay the holdover proceeding, to remove it to the Supreme Court, and to consolidate it with this action. The defendant cross-moved, among other things, for summary judgment dismissing the complaint. In an order entered September 7, 2022, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion and granted that branch of the defendant's cross-motion. The plaintiffs appeal.
"'To prove unjust enrichment, a party must show that the other party was enriched at his or her expense, and it is against equity and good conscience to permit that person to retain what is sought to be recovered'" (Canas v Oshiro, 221 AD3d 650, 651, quoting Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1491). "Generally, a constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain beneficial interest" (Fakiris v Fakiris, 192 AD3d 993, 993 [internal quotation marks omitted]; see Sharp v Kosmalski, 40 NY2d 119, 121). "In order to impose a constructive trust, a litigant is generally required to establish four elements by clear and convincing evidence: '(1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment'" (Canas v Oshiro, 221 AD3d at 651, quoting Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 644; see Delidimitropoulos v Karantinidis, 186 AD3d at 1491).
However, "[t]hese factors serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established" (Harounian v Harounian, 198 AD3d 734, 737). "[T]here is no requirement that the alleged promise be expressly stated; rather, 'a promise may be implied or inferred from the very transaction itself'" (Canas v Oshiro, 221 AD3d at 652, quoting Sharp v Kosmalski, 40 NY2d at 122). "Courts have also 'extended the transfer element to include instances where funds, time and effort were contributed in reliance on a promise to share in some interest in property, even through no transfer actually occurred'" (id., quoting Baker v Harrison, 180 AD3d 1210, 1212).
Here, the defendant established, prima facie, that no promise of a transfer of an interest in the property to Sufian was made and that the plaintiffs did not hold an interest in the property prior to obtaining any alleged promise. However, in opposition to the defendant's prima facie showing, the plaintiffs raised triable issues of fact as to whether there was an express or implied promise that the defendant would transfer an interest in the property to Sufian and whether Sufian expended sufficient money, labor, and time in the property to develop an equitable interest, by submitting, inter alia, affidavits from Sufian and Moynul Haque. Accordingly, the Supreme Court should have denied that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint (see id.).
Generally, "the Civil Court is the preferred forum for landlord-tenant disputes, and a summary proceeding should be removed only where the Civil Court is unable to afford the parties complete relief" (Spain v 325 W. 83rd Owners Corp., 302 AD2d 587, 587). However, "'[w]here common questions of law or fact exist, a motion to consolidate [pursuant to CPLR 602(b)] should be granted absent a showing of prejudice to a substantial right by the party opposing the motion'" (Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1009, quoting Kally v Mount Sinai Hosp., 44 AD3d 1010, 1010). Here, the defendant did not make a showing that removal and consolidation would prejudice a substantial right. Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were to stay the holdover proceeding, to remove it to the Supreme Court, and to consolidate it with this action (see Barkagan v S & L Star Realty, LLC, 185 AD3d 643, 644-645; Hae Sheng Wang v Pao-Mei Wang, 96 AD3d at 1009).
The parties' remaining contentions are without merit.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court