Guambana v Molina (2025 NY Slip Op 05942)

Guambana v Molina

2025 NY Slip Op 05942

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-00442
 (Index No. 703243/17)

[*1]Eugenia Guambana, respondent,
v
Luis R. Molina, appellant. 

Clifford Olshaker, Elmhurst, NY, for appellant.
Jeanette Malaty, Glendale, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on certain real property, the defendant appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered December 20, 2022. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action to impose a constructive trust and to recover damages for breach of contract and granted those branches of the plaintiff's cross-motion which were for summary judgment on those causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2016, the plaintiff commenced this action against the defendant, inter alia, to impose a constructive trust on certain real property located in Queens (hereinafter the property). The plaintiff alleged, among other things, that she had desired to purchase the property but was unable to obtain financing, and had entered into an agreement with the defendant, who was her long-time childhood friend, pursuant to which the defendant would purchase the property and obtain financing in his name and thereafter transfer the property to the plaintiff once she qualified for a mortgage. The defendant purchased the property in 2011 using money allegedly provided by the plaintiff for the down payment and closing costs and paid the monthly mortgage payments using rent money that the plaintiff collected from tenants on the property. In 2016, the plaintiff informed the defendant that she had obtained financing, but the defendant refused to honor his alleged promise to transfer the property to the plaintiff.
The defendant moved, inter alia, for summary judgment dismissing the causes of action to impose a constructive trust and to recover damages for breach of contract, and the plaintiff cross-moved, among other things, for summary judgment on those causes of action. In an order entered December 20, 2022, the Supreme Court, inter alia, denied those branches of the defendant's motion and granted those branches of the plaintiff's cross-motion. The defendant appeals.
"A constructive trust is the formula through which the conscience of equity finds expression" (Chavez v Morales, 232 AD3d 757, 760 [internal quotation marks omitted]; see Toobian v Golzad, 193 AD3d 778, 781). "The four factors to be considered in ascertaining whether the imposition of a constructive trust is warranted are the existence of a fiduciary or confidential relationship, a promise, a transfer in reliance thereon, and unjust enrichment" (Chavez v Morales, [*2]232 AD3d at 760 [internal quotation marks omitted]; see Estate of Uddin v Miah, 229 AD3d 764, 766). "However, since it is an equitable remedy, a constructive trust is necessarily flexible to accomplish its purpose. Therefore, these factors are guidelines, not inflexible elements" (Toobian v Golzad, 193 AD3d at 781 [citation and internal quotation marks omitted]). A "constructive trust may still be imposed even if all four elements are not established" (Estate of Uddin v Miah, 229 AD3d at 766 [internal quotation marks omitted]; see Kissane v Cashman, 217 AD3d 932, 934). The remedy "is given broad scope to flex in response to all human implications of the transaction . . . and to satisfy the demands of justice" (Nastasi v Nastasi, 26 AD3d 32, 38; see Kissane v Cashman, 217 AD3d at 934).
Here, the Supreme Court properly granted that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to impose a constructive trust. The plaintiff's submissions in support of her cross-motion established, prima facie, the existence of a fiduciary or confidential relationship between herself and the defendant, a promise that the defendant would transfer the property to her, a transfer of funds in reliance thereon, and that the defendant was unjustly enriched (see Estate of Uddin v Miah, 229 AD3d at 767; Toobian v Golzad, 193 AD3d at 781; Byrd v Brown, 208 AD2d 582, 582). In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, under the circumstances presented, the plaintiff was not required to have an interest in the property prior to obtaining the defendant's promise that it would be conveyed (see Estate of Uddin v Miah, 229 AD3d at 767; Canas v Oshiro, 221 AD3d 650, 652).
The defendant's remaining contentions are either without merit or not properly before this Court.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court