■ DAVID SIZE, Respondent, v EARL A. SIZE, SR., Appellant. [714 NYS2d 266] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered May 16, 2000, which denied defendant's cross motion to dismiss plaintiff's cause of action, for imposition of a constructive trust, pursuant to CPLR 3211 (a) (5) and (7), unanimously affirmed, with costs.

Defendant is plaintiff's natural father. In 1956, plaintiff was adopted by his stepfather and plaintiff and defendant had no contact with each other for 30 years. However, in 1986, the two began communicating and exchanging visits with each other. In 1987, they entered into an oral agreement whereby defendant executed a mortgage and took legal title to a condominium apartment and plaintiff provided the down payment and agreed to make the mortgage payments while he resided within the apartment. Subsequently, defendant attempted to sell the apartment and plaintiff commenced the instant action seeking a declaratory judgment that he is the beneficial owner of the apartment and for imposition of a constructive trust.

The IAS Court properly denied defendant's cross motion to dismiss for failure to state a cause of action since plaintiff sufficiently alleged the elements for imposition of a constructive

trust, including the existence of a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*see, Sharp v Kosmalski*, 40 NY2d 119, 121). The action was also properly sustained as against that branch of defendant's cross motion seeking to dismiss the action as time-barred. Plaintiff's cause of action for a constructive trust did not accrue until defendant attempted to evict plaintiff from the apartment for the purpose of selling the unit, which event occurred within six years of the commencement of the action (*see, Lucci v Lucci*, 227 AD2d 387). Concur—Nardelli, J. P., Ellerin, Wallach, Lerner and Friedman, JJ.