## Lieber v Lieber

### 2024 NY Slip Op 30334(U)

### January 25, 2024

### Supreme Court, New York County

### Docket Number: Index No. 655851/2020

### Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LYLE E. FRANK             PART                    11M

*Justice*

-----------------------------------------------------------------------X

DEBORAH LIEBER,

                             Plaintiff,

                     - v -

HERBERT LIEBER, PHYLLIS LIEBER

                           Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655851/2020 |
| MOTION DATE | 05/25/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63

were read on this motion to/for                        JUDGMENT - SUMMARY              .

Background

    This action arises out of a dispute over the ownership of a residential property located at Co-Op Apartment 4-A at 150 West End Avenue, New York, New York 10023. Plaintiff Deborah Lieber ("plaintiff") commenced this action seeking a declaratory judgment pursuant to CPLR 3001 designating her the sole owner of the Co-Op apartment and the accompanying 359 shares of the corporation stock. Plaintiff also seeks a money Judgment against Defendants Herbert Lieber and Phyllis Lieber ("defendants") in the principal amount of $200,000 plus interest, for an alleged outstanding loan.

    On or about May 1, 1987, a stock certificate for 359 shares of stock in 150 West End Owners Corp. and the accompanying lease was issued to Herbert Lieber, Phyllis Lieber, Fred Lieber and Deborah Lieber, as joint tenants with the right of survivorship. The purchase price for the stock and the Proprietary Lease was $ 104,558.75, of which $75,000 was paid via a purchase money loan. Herbert Lieber and Fred Lieber were brothers. Herbert Lieber is married to Phyllis Lieber and Fred Lieber was married to Deborah Lieber. Fred Lieber died on May 26, 2020. It is

**655851/2020 LIEBER, DEBORAH vs. LIEBER, HERBERT**
Motion No. 002

**Page 1 of 7**

[* 1]

undisputed that in 1999, the Co-Op mortgage was refinanced by Herbert Lieber and Phyllis Lieber, who borrowed $150,000. The $150,000 loan was paid in full in December 2004. Plaintiff currently resides in the Co-Op apartment.

Plaintiff alleges that at the time of the property sale in 1987, she and her late husband were intended to eventually be the sole legal owners. Plaintiff alleges defendants owed plaintiff and her late husband money, and thus was repaying the loan by paying the mortgage payments. Plaintiff alleges pursuant to this agreement, she and her late husband were to pay the down payment and make the Mortgage, loan, tax, insurance, and other apartment expense payments on their own with the understanding that defendants would remove their names from the ownership documents eventually. Plaintiff alleges that while some of those payments may have been made indirectly in the name of the defendants, the money in fact came from plaintiff and her late husband. Defendants deny any such agreement was made with plaintiff.

In addition, plaintiff alleges that sometime around 2014 to 2015 she loaned the defendants $200,000. Defendant denies such loan was ever made. Defendants now move for summary judgment dismissing plaintiffs' claims and further for a partition and sale of the property pursuant to RPAPL §901.

Discussion

## I.     Ownership of Co-Op Apartment

Defendants contend plaintiff's constructive trust, promissory estoppel and unjust enrichment claims are barred by the applicable statute of limitations. According to defendants, even assuming the validity of plaintiff's allegations, by way of plaintiff's own deposit testimony the statute of limitations on plaintiff's claims began to run in 2004, when the subject apartment's mortgage was fully paid. Defendant points plaintiff's deposition testimony in which she stated

**655851/2020   LIEBER, DEBORAH vs. LIEBER, HERBERT**
**Motion No.  002**

**Page 2 of 7**

2 of 7

that defendants agreed to remove their names from the proprietary lease and turn over sole ownership to plaintiff and her late husband when the refinanced mortgage was fully paid. As it is undisputed the mortgage was paid off in 2004, and defendants did not turn over full ownership to plaintiff at that time, defendants assert this is the date of breach for the purposes of plaintiff's claims. In opposition, plaintiff claims that that the statute of limitations for its constructive trust and other equitable claims was tolled and did not start running until 2020. Plaintiff asserts 2020 is the applicable date of breach as this is when plaintiff's daughters went to the defendants with paperwork necessary to formalize legal transfer and defendants refused to sign.

Under CPLR 213(1), the statute of limitations to commence an action for a constructive trust is six years. New York Courts have repeatedly held the statute of limitations commences upon the occurrence of the wrongful act giving rise to the duty of restitution, not from the time when the facts constituting the fraud are discovered. *Kaufman v. Cohen*, 307 A.D.2d 113, 127 (1st Dep't 2003).

Here, the Court finds there is an issue of fact as to whether the defendant revoked around 2004 or in 2020. Looking at the facts in the light most favorable to the nonmoving party, while defendant did not remove his name from the least when the mortgage was paid off, inaction doesn't inherently indicate refusal or revocation of promise. Plaintiff rather alleges it was not until 2020 that defendants formally stated their intention not to sign the document. This follows logically that plaintiffs would not have gone to defendant in 2020 with a notary and a lawyer as they allege if there was already an express revocation well over ten years prior. Thus, the Court finds as there is an issue of fact as to when repudiation occurred, there is thus a question as to when the statute of limitations was triggered.

**655851/2020  LIEBER, DEBORAH vs. LIEBER, HERBERT**
**Motion No.  002**

**Page 3 of 7**

3 of 7

However, defendant further argues the Court should dismiss plaintiff's claim for failure to plead the elements required for a constructive trust. Defendants argue in the present case, the complaint does not allege that there was any transfer of property, but rather merely alleges that there was an agreement to have the defendants' names removed from the stock certificate and Proprietary Lease.

A constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest. It requires a showing of a confidential or fiduciary relationship, a promise, a transfer of property in reliance on that promise and unjust enrichment. *Sharper v. Harlem Teams for Self-Help, Inc.*, 257 A.D.2d 329 [1999]. Under New York law, imposition of a constructive trust rests on a demonstration of the existence and extent of four elements: (1) a confidential or fiduciary relationship, (2) a promise or agreement, express or implied, (3) a transfer in reliance upon said agreement, and (4) unjust enrichment thereby. *Scull v. Scull*, 94 A.D.2d 29 [1983]; See also *Size v. Size*, 276 A.D.2d 329 [2000], *Sharp v Kosmalski*, 40 NY2d 119, 121 [1976].

The Court finds plaintiff has failed to establish its prima facie case for Constructive Trust. Here, it is undisputed that all parties' names are on stock certificate and proprietary lease, including plaintiff. Thus, the cases plaintiff relies on are factually distinguishable from the present matter. In *Size v. Size*, plaintiff and defendant, a father and son, entered into an oral agreement whereby the father executed a mortgage and took legal title to a condominium apartment and the son, provided the down payment, and agreed to make the mortgage payments while he resided within the apartment. *Size v. Size*, 276 A.D.2d 329 [2000]. Subsequently, the father attempted to sell the apartment and his son commenced an action seeking a declaratory judgment that he is the beneficial owner of the apartment and for imposition of a constructive

**655851/2020   LIEBER, DEBORAH vs. LIEBER, HERBERT**
**Motion No.  002**

**Page 4 of 7**

trust. *Id*. Similarly, in *Hira v. Bajaj,* plaintiff alleged he gave the defendant the funds to purchase his share of the property in exchange for an agreement to act as an agent in the ownership of the property. *Hira v. Bajaj*, 182 A.D.2d 435 [1992].

In contrast, here it is undisputed that defendants made all the mortgage payments on the property. Despite this, plaintiff has always retained legal ownership in the property as a joint tenant with rights of survivorship. Constructive trust is an equitable remedy. The Court finds no basis for plaintiff's contention that the Court should impose a constructive trust granting them full and sole ownership of the subject Co-Op when defendants made all mortgage payments and allowed defendant to solely inhabit the property for over forty years without interference. Even when looking at the facts in the light most favorable to plaintiff, the Court finds plaintiff has made no factual allegations which demonstrate a transfer in reliance or unjust enrichment.

Furthermore, the Court finds plaintiff has failed to plead a cause of action for unjust enrichment. It is well established that to state a claim for unjust enrichment, a plaintiff must allege that: (1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered. *Schroeder v Pinterest Inc.*, 133 A.D.3d 12 [2015] [internal citations omitted]. For the same reasons articulated above, the Court finds plaintiff has failed to establish a prima facie case for unjust enrichment.

However, the Court finds plaintiff has sufficiently alleged a cause of action for promissory estoppel. Under New York Law a claim for promissory estoppel requires, (1) a promise that is sufficiently clear and unambiguous; (2) reasonable reliance on the promise by a party; and (3) injury caused by the reliance. *MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 A.D.3d 836 [2011]. Here, plaintiff alleges defendants promised her and her

**655851/2020   LIEBER, DEBORAH vs. LIEBER, HERBERT**
**Motion No.  002**

**Page 5 of 7**

5 of 7

late husband that they would renounce their legal ownership in the property and the apartment would be fully owned by plaintiff. Plaintiff alleges she relied on this promise in joining the defendants as joint tenants with rights of survivorship and now the defendants are going back on their word at plaintiff's detriment. This is buttressed by the fact that the plaintiff has resided in the subject apartment for over 30 years with the defendants not having resided there without either defendant appearing to express concern about this arrangement. Thus, there remains an issue of fact as to whether defendants made this promise to plaintiff, and this is a credibility determination outside the purview of a motion for summary judgment.

As such, with respect to plaintiffs' claims for constructive trust and unjust enrichment pertaining to the Co-Op apartment, defendant's motion for summary judgment seeking dismissal is granted. Because the Court finds there is still an issue of fact as to whether plaintiff is entitled to full ownership of the property based on a theory of promissory estoppel, partition and sale pursuant to RPAPL §901 is not available at this juncture.

## II. Alleged Outstanding Loan

Defendants contend plaintiff's claim for a money judgment against defendants for failure to repay an outstanding $200,000 loan should be dismissed. The Court finds looking at the light most favorable to the nonmoving party, plaintiff has sufficiently alleged a claim against defendants for constructive trust, promissory estoppel and unjust enrichment. Here, plaintiff alleges she loaned the defendants $200,000 for which the defendant agreed to repay and subsequently failed to do so. Defendants' denial, without more, is insufficient to dismiss plaintiff's claims, as this rests on a credibility determination between the parties. Accordingly, it is hereby

**655851/2020   LIEBER, DEBORAH vs. LIEBER, HERBERT**
**Motion No. 002**

Page 6 of 7

6 of 7

ORDERED that defendants' motion for summary judgment seeking dismissal of plaintiff's claims is granted with respect to constructive trust and unjust enrichment; and it is further

ADJUDGED that the remainder of defendants' motion is denied.

20240126151624LFRANK8DC90A40612F4F6586C8CA48DD2B07A9

_____
1/25/2024
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

**CHECK ONE:**

| | | |
|---|---|---|
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**655851/2020   LIEBER, DEBORAH vs. LIEBER, HERBERT**
**Motion No.  002**

Page 7 of 7

7 of 7

[* 7]